JOURNAL ENTRY and OPINION.
{¶ 1} On April 24, 2003, the applicant, Samuel Tucker ("Tucker"), pursuant to App.R. 26(B), applied to reopen this court's judgment in Stateof Ohio v. Samuel Tucker (Nov. 13, 2002), Cuyahoga App. No. 81927, which this court dismissed for failure to file a praecipe. Tucker argues ineffective assistance of appellate counsel. On April 30, 2003, the State of Ohio filed its brief in opposition. For the following reasons, this court denies the application.
 {¶ 2} In March 2002, the Grand Jury indicted Tucker for felonious assault, attempted murder, kidnapping and aggravated robbery. Tucker pleaded guilty to attempted murder and kidnapping; the other two counts were nolled. In an entry journalized July 1, 2002, the trial judge sentenced Tucker to consecutive terms of ten and five years. He also appointed new counsel for appeal. However, for whatever reasons, it appears that this lawyer did nothing to pursue an appeal for Tucker.
 {¶ 3} On October 18, 2002, Tucker, pro se, commenced this appeal, case number 81927, which this court dismissed as stated above. On October 22, 2002, Tucker, pursuant to App.R. 5, filed another notice of appeal with a motion for leave to file a delayed appeal, which included a de facto appellate brief.[1] In the brief, he argued that the trial judge erred in imposing consecutive sentences because he did not justify them pursuant to R.C. 2929.14(E)(4). He also argued that his trial counsel was ineffective for not protecting his rights under that statute; indeed, his trial counsel misinformed him that he would not receive consecutive sentences. As his second assignment of error, he argued that the trial judge erred in not informing him that he would be subject to post-release control as part of his sentence.[2] Tucker further argued that his guilty plea was not made knowingly, intelligently, and voluntarily; had he known that he would be subject to post-release control, he would not have pleaded guilty. Finally, he again argued that his trial counsel was ineffective for not protecting his rights under this issue. On November 19, 2002, this court denied his motion for delayed appeal.
 {¶ 4} Tucker now maintains that his first appeal, case number 81927, should be reopened because his appointed appellate counsel did nothing. Such counsel was deficient in the most basic way and prejudiced Tucker by prohibiting any meaningful appellate review.
 {¶ 5} However, res judicata properly bars this application. See, generally, State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. Res judicata prevents repeated attacks on a final judgment and applies to all issues which were or might have been litigated. In State v. Murnahan
(1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, the supreme court ruled that res judicata may bar a claim of ineffective assistance of appellate counsel unless circumstances render the application of the doctrine unjust.
 {¶ 6} In the present matter, Tucker presented a full argument for the reversal of his convictions and sentences to this court in his motion for a delayed appeal. This court rejected those arguments when it denied his motion. Thus, Tucker has had his opportunity to present his case to this court. This court has again reviewed the matter and concludes that the application of res judicata would not be unjust. Cf. State v. Tyler
(1994), 71 Ohio St.3d 398, 664 N.E.2d 298, certiorari denied (1995),116 S.Ct. 98; State v. Stedman (Nov. 1, 2001), Cuyahoga App. No. 77334, reopening disallowed (Aug. 16, 2002), Motion No. 35286; State v. Weaver
(Aug 21, 1995), Cuyahoga App. No. 67389, reopening disallowed (June 24, 1996), Motion No. 72527; State v. Barnes (Mar. 24, 1986), Cuyahoga App. No. 50318, reopening disallowed (Mar. 4, 1994), Motion No. 36463; Statev. Stewart (Nov. 19, 1998), Cuyahoga App. No. 73255, reopening disallowed (June 29, 1999), Motion No. 73255 — res judicata bars an application to reopen when the appellant has filed a pro se brief; also Cf. State v. Clark (Feb. 27, 1995), Cuyahoga App. No. 65805, reopening disallowed (Sept. 28, 1995), Motion No. 62894; and, State v. Williams
(Nov. 12, 1996), Cuyahoga App. No. 69936, reopening disallowed (April 24, 1997), Motion No. 80441, in which this court ruled that res judicata bars an App.R. 26(B) application when the appellant was given leave to file a supplemental brief pro se but did not do so. Similarly, in Statev. Kelly (Nov. 18, 1999), Cuyahoga App. No. 74912, reopening disallowed (June 21, 2000), Motion No. 12367, this court again held that res judicata barred an App.R. 26(B) application when the appellant had filed a pro se brief, but the brief was stricken regarding the form of the brief, and the appellant never filed a conforming brief despite being given leave. Finally, Cf. State v. Jackson (Oct. 22, 2001), Cuyahoga App. No. 80118, reopening disallowed (Oct. 9, 2002), Motion No. 40524, in which this court disallowed an App.R. 26(B) application when he had filed a pro se appeal which was dismissed for failure to file the record.
 {¶ 7} Accordingly, the application to reopen is denied.
ANN DYKE, P.J. and JAMES J. SWEENEY, J. concur.
[1] This court assigned this notice of appeal case number 81935.
[2] This court notes that the July 1, 2002 journal entry stated: "Post release control is part of this prison sentence for the maximum period allowed for the above felony (s) under R.C. 2967.28."