[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Criminal appeal from Common Pleas Court Case No. CR-403489,
Affirmed.
 JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Eric Tate ("Tate") appeals the decision of the Cuyahoga County Court of Common Pleas that denied his motion to withdraw his guilty plea. For the reasons adduced below, we affirm.
 {¶ 2} This case has come before this court on multiple occasions. A brief procedural review is necessary. On March 8, 2002, Tate was indicted on multiple drug violations. On the day of trial, Tate pled guilty to one count of possession of over 100 grams of crack cocaine, carrying a mandatory ten-year prison term. The remaining counts were nolled. This court allowed Tate to file a delayed appeal in which he argued that his plea was not knowingly, voluntarily, or intelligently entered. After this first appeal was filed, Tate filed a motion to withdraw his plea in the trial court. During the pendency of Tate's motion to withdraw, this court affirmed Tate's conviction in State v.Tate, Cuyahoga App. No. 81682, 2003-Ohio-3229 ("Tate I"). This court specifically found that upon the record we could not say Tate's plea was not voluntarily, knowingly, or intelligently entered. This court also determined that there was no showing of manifest injustice that would require vacation of Tate's plea. The Supreme Court of Ohio denied leave to appeal. State v.Tate, 100 Ohio St.3d 1431, 2003-Ohio-5396. Following our decision in Tate I, the trial court issued a ruling that denied Tate's motion to withdraw his guilty plea.
 {¶ 3} Tate filed an application for reopening with this court asserting he was denied effective assistance of appellate counsel because his appellate counsel did not assign as errors that trial counsel was ineffective and that the trial court imposed a sentence that was contrary to law. State v. Tate, Cuyahoga App. No. 81682, 2004-Ohio-973 ("Tate II"). Since the Supreme Court of Ohio had dismissed Tate's appeal, this court found Tate's request for reopening on the claim of ineffective assistance of counsel barred by the doctrine of res judicata. Tate also argued again that his plea was not knowingly, voluntarily, or intelligently entered. Id. This court found res judicata barred Tate from raising the same assignment of error addressed inTate I. Id. Though not required, this court also proceeded to address and reject Tate's ineffective assistance of counsel claims. This court specifically determined that the trial court was required to impose a mandatory minimum term of ten years' incarceration and that Tate was informed that he would be subject to post-release control. Id.
 {¶ 4} Tate brought the present appeal from the trial court's ruling that denied his motion to withdraw his guilty plea. Tate raises the following four assignments of error in this appeal:
 {¶ 5} "I. The trial court erred breaching contract when it denied appellant his statutory rights under R.C. 2925.11(C)(4)(f) and Ohio Rule of Criminal Procedure 11 and appellant's right to due process under the Fourteenth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution."
 {¶ 6} "II. The trial court erred breaching contract when it failed to comply with Criminal Rule 11 at the time of plea where appellant was not asked whether his plea was knowingly, voluntarily or intelligently made, or whether his plea was free from coercion of threats."
 {¶ 7} "III. The trial court erred breaching contract when it denied appellant his statutory rights under R.C. 2929.14 and his due process rights under U.S. Constitution Amendment V and XIV
and Ohio Constitution Article I, Section 10 when it sentenced appellant to a prison term for his drug offense that exceeded the shortest prison term permitted by [statute]."
 {¶ 8} "IV. The trial court breached contract when it failed to inform appellant that he would be subject to post-release controls or explain what post-release control meant and therefore [his] guilty plea was not made knowingly and voluntarily and was in violation of Crim.R. 11 and R.C. 2929.19."
 {¶ 9} As an initial matter, we must address the trial court's jurisdiction to rule on Tate's motion to withdraw.
 {¶ 10} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1 apparently enlarges a trial court's power over its judgments and allows the court to consider a defendant's motion to withdraw post-sentencing. However, the rule does not vest jurisdiction or confer upon the trial court the power to grant a motion to withdraw a guilty plea after a direct appeal has been taken challenging the plea and the judgment has been affirmed by the appellate court. State, ex rel. Special Prosecutors v. Judges,Court of Common Pleas (1978), 55 Ohio St.2d 94, 97-98; State v.Cvijetinovic, Cuyahoga App. No. 82894, 2003-Ohio-7071. It is not within the power of a trial court to vacate a judgment and affect the decision of the reviewing court. Special Prosecutors,55 Ohio St.2d at 97.
 {¶ 11} In this action, Tate did not file his motion to withdraw with the trial court until after his first appeal was filed with this court. During the pendency of the motion to withdraw, this court affirmed Tate's conviction in Tate I. At that point, the trial court no longer had jurisdiction to consider Tate's motion. This court's affirmance of Tate's guilty plea became the law of the case. See Cvijetinovic, supra. Tate's appeal from the trial court's decision that denied his motion to withdraw is therefore without merit.
 {¶ 12} With respect to the actual assignments of error raised on this appeal, we conclude that each of appellant's claims are barred under the doctrine of res judicata. Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal from that judgment. State v. Cole (1982), 2 Ohio St.3d 112. Res judicata applies to "any proceeding" initiated after a final judgment of conviction and direct appeal, including a motion to withdraw filed after a direct appeal. State v. Gaston, Cuyahoga App. No. 82628, 2003-Ohio-5825. Res judicata prevents a criminal defendant from making repeated attacks on a final judgment and applies to all issues that were raised or could have been raised previously in an appeal. State v. Tucker, Cuyahoga App. No. 81927, 2003-Ohio-5377; State v. Johnson, Cuyahoga App. No. 80247, 2002-Ohio-2712.
 {¶ 13} Tate asserts in his first assignment of error that the trial court failed to adequately explain the nature of the offense he was pleading to and incorrectly stated the maximum sentence involved. In his second assignment of error, Tate asserts the trial court failed to comply with Crim.R. 11 and argues his plea was not knowingly, voluntarily or intelligently made. In his third assignment of error, Tate again asserts the trial court imposed an improper prison term. In his fourth assignment of error, Tate asserts the trial court failed to adequately inform him of the statutory provisions regarding post-release control.
 {¶ 14} Each of these claims was already raised and decided inTate I and Tate II. Pursuant to the doctrine of res judicata, Tate is barred from re-litigating these issues on this appeal.
 {¶ 15} Tate's four assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, P.J., and Rocco, J., concur.