OPINION
{¶ 1} Defendant-appellant Christopher Stanley appeals the decision of the Mahoning County Common Pleas Court which found that his speedy trial rights had not been violated. On appeal, appellant claims that his speedy trial rights were violated and that his counsel was ineffective for allowing the case to continue and for failing to raise the speedy trial issue before he withdrew as counsel. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} On August 15, 2000, a masked man entered a woman's house in Smith Township through a window. He beat and choked the woman causing her to fade in and out of consciousness due to asphyxiation. He digitally penetrated her until he discovered she was menstruating. The woman pretended to be dead, and he finally left. The woman then drove herself to the Smith Township Police Department wearing only a sheet, with duct tape in her hair, and blood coming from her nose and ears.
 {¶ 3} Questioning of the victim led police to believe that appellant was the perpetrator. Questioning of appellant's friends confirmed this belief. When appellant was arrested on August 16, 2000, he confessed. He was then indicted on three counts: attempted murder, a first degree felony in violation of R.C. 2923.02(A)(3) and 2903.02(A), (D); rape, a first degree felony in violation of R.C. 2907.02(A)(2), (B); and aggravated burglary, a first degree felony in violation of R.C. 2911.11(A)(1), (B), (C).
 {¶ 4} Appellant was arraigned on August 31, 2000, and counsel was appointed. He could not meet his bail, so he remained in jail throughout the proceedings. On September 8, 2000, appellant filed his not guilty by reason of insanity plea, a motion to appoint a psychological examiner, a motion for examination to determine mental condition at time of offense, a motion to determine competency, and a motion for continuance of the pretrial and the September 27 trial date due to defense counsel being out of town and needing more time to prepare. Along with the motion for a continuance, appellant filed a speedy trial time waiver.
 {¶ 5} The court granted the continuance and reset the pretrial for November 17 and the trial for November 29, 2000. Thereafter, appellant filed a motion for a continuance of the pretrial due to counsel's out of town agenda and another accompanying time waiver. The court continued the pretrial until November 21, 2000.
 {¶ 6} On November 28, 2000, appellant filed a motion to continue the November 29 trial for the purpose of securing a psychiatrist or psychologist of his choice to conduct an examination to determine competency and sanity and to submit a written report. A hearing was held the next day where the court made reference to an initial evaluation by Dr. Palumbo and where defense counsel voiced his desire for appointment of a second psychiatrist with the ability to do neurological testing to determine inter alia if appellant had functional brain damage due to prolonged use of crack cocaine. Defense counsel also noted that he had contacted several psychiatrists and was looking for a reasonable rate. The court told defense counsel to notify the court with a name in seven days. The court granted the continuance and reset the trial for February 7, 2001.
 {¶ 7} However, on February 2, 2001, appellant filed another motion for a continuance because he was still undergoing tests and would need additional time to prepare a defense. Yet another speedy trial time waiver accompanied this motion. The court reset the trial for April 18, 2001. On that date, the court granted another motion for a continuance because appellant was still in the process of completing a competency examination and obtaining a report from Dr. Nalluri, his chosen examiner. The court continued the case until the examination was complete and the evaluation was received. Appellant also asked the court to appoint Dr. Nalluri to conduct the requested sanity evaluation with both psychological and neurological aspects.
 {¶ 8} On August 8, 2001, the case was called for a status conference; although, appellant filed no documents triggering this conference, such as a notice that the evaluation and report were complete. At the status conference, the state requested a third evaluation, and the court reset the case until after this evaluation. On November 20, 2001, the court issued an order allowing Dr. Bertschinger access to appellant at the jail.
 {¶ 9} On January 25, 2002, appellant filed a motion to continue and accompanying time waiver, stating that his expert did not have time to review Dr. Bertschinger's report for the competency hearing scheduled for that day. The court thus reset the competency hearing for February 28, 2002. On that day, the court's entry stated, "Case was called for status hearing. The parties stipulate to the report prepared by Anil Nalluri, M.D. — indicating that the defendant is competent to stand trial."
 {¶ 10} On April 26, 2002, appellant filed a motion to continue the May 1, 2002 hearing because counsel would be involved in another trial. Still another time waiver was contained in that motion. The court reset the case for July 10, 2002. In the meantime, on May 23, 2002, appellant filed a pro se motion to dismiss on speedy trial grounds.
 {¶ 11} Just prior to the scheduled trial, appellant wrote his counsel a letter alleging various disciplinary violations and asking that he withdraw as counsel. Before counsel could act on this request, the state filed its first motion to continue on July 9, 2002, asking that the July 10 trial be rescheduled. The state advised that counsel would be engaged in an older criminal trial and noted that appellant had filed a time waiver. The court granted the continuance and reset the trial for September 25, 2002.
 {¶ 12} On July 11, 2002, appellant's counsel, Attorney Dixon, filed his motion to withdraw from representation on the grounds of irreconcilable differences and allegations that appellant was making it difficult for him to render adequate representation. Counsel attached a letter written by appellant.
 {¶ 13} On July 22, 2002, an Attorney Williams filed a motion to dismiss for speedy trial grounds. He argued that appellant never waived his right to a speedy trial. He conceded that the not guilty by reason of insanity plea tolled the time but argued that the speedy trial time resumed after the competency hearing and has since expired.
 {¶ 14} A hearing was held on August 1, 2002. The court noted that appellant filed a pro se motion to dismiss, that Attorney Dixon filed a motion to withdraw, and that Attorney Williams filed an additional motion to dismiss but never entered an appearance. Attorney Dixon advised that on July 9, the day before the scheduled trial, appellant informed him that he had retained another attorney. The state made arguments as to why appellant's speedy trial rights were not violated, pointing out that appellant's competency and sanity were complex issues requiring psychological records to be gathered from appellant's childhood.
 {¶ 15} On August 5, 2002, the court granted Attorney Dixon's motion to withdraw, overruled appellant's pro se motion to dismiss, noted that the parties stipulated to the competency reports, and restated that appellant was competent to stand trial. Also on August 5, 2002, Attorney Williams entered notice of appearance in the case for purposes of the motion to dismiss only and refiled his July 22 motion to dismiss.
 {¶ 16} A motion hearing was set for August 28, 2002, but due to notification problems, the hearing was reset for September 3, 2002. However, on August 29, appellant sought a continuance because defense counsel had a jury trial scheduled for that date. The court reset the hearing for September 19, but on September 16, appellant filed another motion to continue.
 {¶ 17} The hearing on the motion to dismiss proceeded on October 9, 2002. Defense counsel complained about the amount of time it took to receive the competency reports and to conduct the competency hearing. The court noted that three reports had to be generated: November 7, 2000, April 28, 2001, and January 8, 2002. The state pointed out that the reports were between twenty and fifty pages long and that childhood records had to be pulled from microfilm from various psychologists' offices. The state then outlined the relevant dates and argued that the speedy trial time had not yet run.
 {¶ 18} On October 23, 2002, the trial court overruled the motion to dismiss finding that only eighty days had so far passed: twenty-three days between the August 16, 2000 date of arrest and the September 8, 2000 filing of the not guilty by reason of insanity plea and competency motion; and fifty-seven days between the February 28, 2002 stipulation to the competency report and appellant's April 26, 2002 motion for a continuance.
 {¶ 19} The court then reset the trial for October 28, 2002. New counsel was appointed for appellant since Attorney Williams only purported to represent appellant for the speedy trial motion. On October 25, 2003, appellant filed a motion to continue and a limited waiver of speedy trial until the first week of January 2003. Appellant then pled no contest to all three charges on December 31, 2002. In a March 3, 2003 entry, the court sentenced appellant to five years for attempted murder, eight years for rape, and five years for aggravated burglary, all to run consecutively. He was credited with 933 days for time served. Appellant filed timely notice of appeal. This court thereafter granted the state's motion to supplement the record with missing filings.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 20} Appellant sets forth two assignments of error, the first of which provides:
 {¶ 21} "The trial court erred to the prejudice of the Defendant-appellant by overruling his motion for discharge due to a violation of his speedy trial rights under R.C. 2945.71."
 {¶ 22} Appellant complains that at the time of his sentencing, he was in jail for 933 days and that this amount of time is unreasonable to conclude a case. He states that the sanity and competency issues may have been complicated, but they should not have taken so long to complete, noting that a tolling motion does not justify an unlimited delay. He points to a time period between an April 19, 2001 continuance granted upon his motion and an August 8, 2001 status conference where the court granted the state's request for a third psychiatric evaluation. He also points to a time period between August 8, 2001 and January 28, 2002, which is when the court granted appellant a continuance of the competency hearing as he needed more time for his expert to review the third expert's report. He then complains that his April 26, 2002 motion for a continuance of the May 6 trial was granted for too long of a period, until July 10, 2002. He also contends that the trial court waited an unreasonably long period of time (until an August 1, 2002 hearing) to address his May 23, 2002 pro se motion to dismiss for speedy trial violations; he suggests that thirty days would have been a more reasonable time.
 {¶ 23} A person charged with a felony must be brought to trial within 270 days of arrest. R.C. 2945.71(C)(2). (We also note that speedy trial time runs until the time of trial, not the time of sentencing as suggested by appellant). Each day a person is held in jail in lieu of bail is counted as three days, thus making the speedy trial time of 90 days for a person who is charged with a felony and who cannot make bail. R.C. 2945.71(E). A person who is not brought to trial in time shall be discharged. R.C. 2945.73(B).
 {¶ 24} The parties agree that twenty-three days passed between the time of arrest and the filing of the September 8, 2000 written not guilty by reason of insanity plea and motion to determine competency. Speedy trial time is tolled by any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined. R.C. 2945.72(B). Thus, the speedy trial time was tolled from September 8, 2000 until at least February 28, 2002, when the parties stipulated to Dr. Nalluri's report, which found appellant competent to stand trial.
 {¶ 25} Although appellant agrees with this general rule, he argues that this time period to rule on competency can still be unreasonable citing Barker v. Wingo (1972), 407 U.S. 514, 530,92 S.Ct. 2182 (listing general factors to balance in determining the reasonableness of a delay in bringing a person to trial: length of delay, reason for the delay, defendant's assertion of the right, and prejudice to defendant). The time taken to determine competency was not unreasonable under the facts and circumstances that existed in this case.
 {¶ 26} As the state argued at various hearings, the competency and sanity matters were very complex in this case. The evaluators had to collect records from various offices dating back to appellant's childhood. Some of these records had to be copied from microfilm. Three evaluations were performed, and the evaluators had to review the others' evaluations. These reports ranged between twenty and fifty pages each.
 {¶ 27} Further, appellant took some time to find his examiner, Dr. Nalluri. His counsel stated on the record that he was searching for a psychiatrist who could also conduct neurological tests to determine possible functional brain damage due to crack cocaine use. He was also trying to find an expert who would charge a reasonable rate. It appears it took him four to five months to find the proper expert. His motions also demonstrate a need for further testing during the time period at issue. The state and the court cannot be held responsible for appellant's time spent choosing an expert and time spent undergoing tests with this expert; nor can the state and the court be held responsible for the time it took appellant's chosen expert to draft and file his report. These comments are especially aimed at appellant's complaints about the time period between April 19, 2001 and August 8, 2001. They also apply to the time period after that until January 25, 2002 as the third expert needed time to conduct an evaluation and write a report. SeeState v. Palmer (1998), 84 Ohio St.3d 103, 106-107 (time tolled from filing of motion until competency determined regardless of examiner's untimely report).
 {¶ 28} Moreover, during the disputed time period, appellant filed for approximately seven continuances. The speedy trial time, which was already tolled by virtue of the motion to determine competency, was also tolled "by the period of any continuance granted on the accused's own motion." R.C. 2945.72(H). The time is also tolled by the period of any reasonable continuance granted other than upon the accused's own motion, such as tolling that occurred upon the state's request for a third psychiatric evaluation. See R.C. 2945.72(H).
 {¶ 29} Additionally, appellant filed at least five writtenspeedy trial time waivers. Thus, this case is wholly distinguishable from our case that appellant cites to support his contention that a motion does not extend speedy trial indefinitely but only for a reasonable time. See State v.Santini (2000), 144 Ohio App.3d 396, 404. In Santini, we dealt with the reasonableness of delay after the defendant's suppression motion. We stated that a suppression motion does not extend speedy trial indefinitely; we did not deal with delay after a written speedy trial time waiver.
 {¶ 30} Although appellant mentions that there is no proof that he agreed to the time waivers entered in the case, he concedes that such fact is irrelevant. Specifically, regardless of whether appellant consented to the continuances and time waivers filed by his counsel, the Supreme Court has held that the right to trial within the time limits set forth in R.C. 2945.71
can be waived by defense counsel for reasons of trial preparation and the defendant is bound by the waiver even if the waiver was made without his consent. State v. McBreen (1978),54 Ohio St.2d 315, 320. For all of the foregoing reasons, there were no unreasonable delays from the date of arrest until the date the competency report was stipulated.
 {¶ 31} The trial court concluded that between February 28, 2002 and April 26, 2002, fifty-seven days passed that could be added to the twenty-three days that already passed, for a total of eighty days counted towards the ninety-day try-by date. Actually, since appellant filed a time waiver, or in fact many time waivers, the time prior to his motion to dismiss (which is considered revocation of the waiver) would not count against the statutory speedy time anyway; it would only be considered in determining the Barker reasonableness test.
 {¶ 32} Appellant then complains that upon his April 26 motion for a continuance, it was unreasonable to reschedule the trial for as far in the future as July 10, 2002. He is the one who asked to continue the May 6, 2002 trial date. In fact, he not only filed a motion to continue, but he also filed another speedy trial time waiver. There is nothing unreasonable about the court resetting the May 6 trial for July 10 upon appellant's April 26 request and accompanying speedy trial time waiver. Furthermore, appellant filed a motion to dismiss on May 23, 2002, which also tolled the speedy trial time.
 {¶ 33} Relating to this, appellant contends that the court waited an unreasonably long time to rule on his May 23, 2002 pro se motion to dismiss, noting the court's August 1, 2002 hearing on this motion. However, at the time his motion was filed, the case was already set for trial on July 10, 2002. There was no need to address the motion until the day of trial. The court then granted a reasonable continuance to September 25, 2003 on the state's motion filed the day before trial on July 9, 2002, due to active trial of an older criminal case. This tolled the speedy trial time under R.C. 2945.72(H). If the trial was not proceeding that day and if the time was already tolled, then there was no need to immediately rule on the motion to dismiss. We also note that the motion was filed pro se even though appellant had counsel.
 {¶ 34} In any case, appellant wrote his counsel a letter from jail prior to the state's request for a continuance. In this letter, he ordered defense counsel to withdraw from his representation. Counsel filed a motion requesting same on July 11, 2002. Thus, the speedy trial time would have also been tolled due to this set of circumstances. See R.C. 2945.72(C) (stating that the trial time is tolled by any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law).
 {¶ 35} Next, his new counsel filed a motion to dismiss on July 22, 2002, attempting to supercede appellant's motion. Yet, counsel had not filed notice of appearance. Thus, he refiled his motion with a notice of limited appearance on August 5, 2002. Thus, by no means did the court cause the delay in ruling on the motion to dismiss. Additionally, under the circumstances, any delay in ruling on the motion was not unreasonable so as to negate the tolling of the speedy trial time.
 {¶ 36} Although appellant complains about the total time to bring him to trial in general, he focuses on the time periods addressed above. The time after those specified periods dealt with his new motion to dismiss and hearings on same, his motion for a continuance, an October 25, 2002 limited waiver of speedy trial until the first week of January, and his need for new counsel two more times (since the second attorney he hired was only retained for purposes of the speedy trial motion and the next one after that also withdrew). Thus, he does not specifically contest and could not reasonably make arguments concerning the time between the motion to dismiss hearing on August 1, 2002 and his plea on December 31, 2002, besides maybe a few days when a dismissal hearing was reset due to lack of notice.
 {¶ 37} In conclusion, neither appellant's statutory nor constitutional rights to a speedy trial were violated. Appellant's defense revolved around specialized and complex neurological and psychiatric testing and reports, which took time to procure, complete, and verify. Three different reports, ranging in page-length from twenty to fifty pages, were filed by three different experts who then had to review each other's reports. Records had to be traced going back to appellant's childhood. During this time and after, appellant filed for multiple continuances, and he expressly and repeatedly waived his speedy trial rights until May 23, 2002, when he filed his pro se motion to dismiss. Thereafter, appellant caused other delays, and the state was granted a reasonable continuance. The periods of delay caused by appellant's own motions were not unreasonable, and neither the periods of delay nor the total time until trial prejudiced his defense in any articulated manner. See Barker,407 U.S. 514. For all of the foregoing reasons, appellant's arguments under this assignment of error are without merit, and the trial court's decision denying his motion to dismiss on speedy trial grounds is affirmed.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 38} Appellant's second assignment of error and issue presented provide:
 {¶ 39} "The appellant's trial counsel was ineffective in his representation of appellant by failing to safeguard appellant's statutory and constitutional rights."
 {¶ 40} "Was trial counsel, Attorney John Dixon, ineffective when he failed to protect Appellant's constitutional and statutory rights by allowing Appellant's case to continue for almost two (2) years before ultimately withdrawing as legal counsel?"
 {¶ 41} In reviewing whether a criminal defendant has received adequate representation, the defendant has the burden of proving ineffective assistance of counsel. State v. Lott (1990),51 Ohio St.3d 160, 175. To meet this burden, the defendant must meet a two-pronged test. First, he must show that counsel's performance was deficient. Id. at 174, citing Strickland v.Washington (1984), 466 U.S. 668, 687. Second, he must demonstrate that the deficient performance prejudiced his defense thus depriving him of a fair trial. Id.
 {¶ 42} In order to establish that counsel's performance was deficient, appellant must demonstrate that the performance fell below an objective standard of reasonable representation. Statev. Keith (1997), 79 Ohio St.3d 514, 534. To then demonstrate that he was prejudiced by this alleged deficient performance, appellant must prove that there exists a reasonable probability that were it not for counsel's errors, the outcome of the proceedings would have been different. Id. "Reasonable probability" has been defined as a probability sufficient to undermine confidence in the outcome. State v. Bradley (1989),42 Ohio St. 3d 136, 142.
 {¶ 43} In this case, there were not just complex competency issues but there were also insanity issues. Appellant desired a specialized psychiatrist and testing involved neurological processes. He was contesting his competency and sanity based upon experiences going back to his childhood, the research of which took some time, and based upon more recent crack cocaine use and its possible brain damaging effects. Even after competency was determined, the insanity issue remained as a defense that required intense preparation.
 {¶ 44} Furthermore, debatable strategical or tactical decisions will not form a basis for a claim of ineffective assistance of counsel. State v. Carter (1995),72 Ohio St.3d 545, 558; State v. Clayton (1980), 62 Ohio St.2d 45, 48-49. Although such holding is usually applied in cases involving non-fundamental rights, the rationale also rings true in cases such as this. As the state points out, in cases of a heinous nature such as this, defense counsel will often utilize adelaying strategy hoping that tensions will calm and witnesses will forget certain details or will become unavailable. Counsel is presumed competent in making such choices. Lott,51 Ohio St.3d at 175. There is wide range of reasonable assistance, including seeking multiple continuances and waiving trial time in a case of attempted murder, rape, and aggravated burglary.
 {¶ 45} Regardless, appellant has made no attempt to demonstrate how counsel's alleged deficiencies resulted in prejudice. See State v. Hamblin (1988), 37 Ohio St.3d 153, 156
(stating that defense counsel's speedy trial waiver or request for a continuance to obtain a mental evaluation is not ineffective assistance of counsel since the defendant failed to show he was prejudiced by the delay or denied a fair trial). Appellant has not demonstrated a reasonable probability that the outcome of the trial would have been different had counsel ensured a quicker psychiatric evaluation process or had counsel avoided filing for continuances.
 {¶ 46} Appellant had confessed to the offense, was planning to defend by way of a complex insanity defense and lesser included or inferior degree offenses, pled no contest, and was sentenced to eighteen years in prison. The fact that he spent over two years in jail before pleading no contest, does not equate with prejudice in and of itself. Lastly, the failure to file a motion to dismiss for speedy trial violations is not ineffective assistance of counsel due to the reasons set forth in this assignment of error and the prior assignment of error.
 {¶ 47} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Waite, P.J., concurs., DeGenaro, J., concurs.