DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} Floyd Sawyer pleaded guilty to aggravated robbery and kidnapping and received consecutive eight-and five-year sentences. This Court affirmed his convictions and sentences on direct appeal. Seven months later, Mr. Sawyer moved to withdraw his guilty pleas. He has now appealed from the trial court's denial, without a hearing, of his post-sentence motion to withdraw his guilty pleas. This Court affirms the trial court's denial of his motion because the trial court lacked jurisdiction to consider it.
 FACTS {¶ 2} Mr. Sawyer walked into a gas station and robbed the clerk at knife point. He forced the clerk to leave the store with him. A passer-by stopped to check on the clerk, causing Mr. Sawyer to flee. When police caught Mr. Sawyer, he admitted that he robbed the store and forced the clerk to leave with him. *Page 2 
 {¶ 3} The State charged Mr. Sawyer with aggravated robbery, kidnapping, and tampering with evidence. As a result of plea negotiations, he pleaded guilty to aggravated robbery and kidnapping and the State dismissed the tampering with evidence count. Mr. Sawyer appealed his conviction and sentence, and this Court affirmed the trial court's judgment.
 {¶ 4} Mr. Sawyer then moved to withdraw his pleas. He asserted that he did not enter his pleas knowingly, voluntarily, and intelligently because he received ineffective assistance of counsel. The trial court denied the motion without a hearing. Mr. Sawyer has argued on appeal that the trial court should have held a hearing before it ruled on the motion, that he received ineffective assistance of counsel at the sentencing hearing, that the State made improper comments at the sentencing hearing, and that the trial court failed to inform him about post-release control. This Court affirms the trial court's denial of Mr. Sawyer's motion to withdraw his guilty plea because the trial court lost jurisdiction to consider that motion when this Court affirmed his conviction on direct appeal.
 TRIAL COURT'S JURISDICTION {¶ 5} Rule 32.1 of the Ohio Rules of Criminal Procedure provides that a defendant may move to withdraw a guilty plea after sentence only to correct manifest injustice. Generally, it is within the trial court's discretion to determine whether there is a legitimate and reasonable basis for withdrawal of a guilty plea, and absent an abuse of discretion, the trial court's decision on the matter must be affirmed.State v. Xie, 62 Ohio St. 3d 521, 527 (1992).
 {¶ 6} A trial court loses its jurisdiction to consider a motion to withdraw a guilty plea, however, once an appeal has been taken and the defendant's conviction has been affirmed. State, ex rel. SpecialProsecutors v. Judges, Court of Common Pleas, 55 Ohio St. 2d 94, 97
(1978). A trial court's grant of a post-sentence motion to withdraw a guilty plea, after the defendant's *Page 3 
conviction has been affirmed, is inappropriate because permitting the withdrawal is inconsistent with the judgment of the appellate court.Id. at 97. See also State v. Kovacek, 9th Dist. No. 02CA008115, 2002-Ohio-7003, ¶ 7; State v. Zudell, 9th Dist. No. 02CA007982, 2002-Ohio-4253.
 {¶ 7} The Medina County Common Pleas Court lost jurisdiction to consider Mr. Sawyer's motion to withdraw his guilty plea once this Court affirmed the trial court's judgment on direct appeal. This Court affirmed the judgment on August 21, 2006. Mr. Sawyer filed his motion to withdraw guilty plea on March 19, 2007. Because this Court had already affirmed the judgment on appeal, the trial court lost jurisdiction to consider Mr. Sawyer's motion to withdraw his guilty plea.
 CONCLUSION {¶ 8} The trial court lacked jurisdiction to consider Mr. Sawyer's motion to withdraw his guilty plea and, therefore, properly denied the motion. The judgment of the Medina County Common Pleas Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the *Page 4 
period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellant.
 SLABY, P. J. WHITMORE, J. CONCUR *Page 1