OPINION AND JUDGMENT ENTRY
{¶ 1} This case involves an original action to this court on a petition for a writ of procedendo by Relator and a subsequent motion to dismiss said writ by Respondent. Relator asks us to compel the trial court to either schedule a hearing or rule on two motions which have been pending in the trial court: Relator's April 2, 2004 motion to withdraw his guilty plea and his November 5, 2007, amended/supplemental motion to withdraw that same plea. Respondent has moved to dismiss Relator's petition for failing to state a claim upon which relief may be granted, arguing that Respondent has no jurisdiction to rule on those motions since the plea and judgment have been affirmed on appeal.
 {¶ 2} In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require a respondent to proceed, a clear legal duty on the part of the respondent to proceed, and the lack of an adequate remedy in the ordinary course of law. State ex rel.Sherrills v. Cuyahoga Cty. Court of Common Pleas, 72 Ohio St.3d 461,462, 1995-Ohio-0026. A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. State ex rel. Miley v. Parrott,77 Ohio St.3d 64, 65, 1996-Ohio-0350. The writ of procedendo may not interfere with ordinary court procedure or process. State ex rel. Ratliff, v.Marshall (1972), 30 Ohio St. 2d 101, 102. The writ will not in any case attempt to control the inferior court as to what judgment shall be entered. State ex rel. Niederlehner, v. Mack (1932), 125 Ohio St. 559,564.
 {¶ 3} The Respondent claims that he cannot issue a judgment on the pending motions to withdraw Relator's guilty plea since this court has affirmed his plea and sentence on appeal. When making this argument, the Respondent relies on State ex rel. Special Prosecutors v. Judges, Courtof Common Pleas (1978), 55 Ohio St.2d 94. In that case, the court of appeals affirmed the defendant's conviction in March 1976. The defendant then moved to withdraw his guilty plea in November 1976. After an evidentiary hearing, the trial court granted that motion. The State did not appeal that judgment and filed a writ of prohibition to prevent the defendant from having a trial. The Ohio Supreme *Page 2 
Court found that the trial court did not have jurisdiction to hear the motion to withdraw the guilty plea after the appellate court had affirmed the conviction and sentence.
 {¶ 4} "Furthermore, Crim. R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court. While Crim. R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do. Thus, we find a total and complete want of jurisdiction by the trial court to grant the motion to withdraw appellee's plea of guilty and to proceed with a new trial." Id. at 97-98.
 {¶ 5} However, there is nothing about the Ohio Supreme Court's decision in Special Prosecutors which would prevent the Respondent from issuing a judgment addressing Relator's motions in some manner. SeeState ex rel. In re Weger v. Hague (May 27, 1994), 11th Dist. No. 93-A-1840 (dismissing an action in procedendo because the trial court had issued an order deciding that it did not have jurisdiction);State v. Tate, 8th Dist. No. 83582, 2004-Ohio-2979, at ¶ 11, andState v. Sawyer, 9th Dist. No. 07CA0046-M, 2008-Ohio-3370, at ¶ 7 (affirming judgment entry dismissing a motion to withdraw a guilty plea for lack of jurisdiction because the conviction and sentence had been affirmed). A litigant should be given the courtesy of a judgment entry expressing the trial court's belief that it does not have jurisdiction to address a particular issue so that the litigant can challenge that entry on appeal, if the litigant chooses to do so. A trial court cannot simply refuse to act.
 {¶ 6} For these reasons, Respondent's motion to dismiss is denied and Relator's writ of procedendo is granted. The trial court is ordered to rule on Relator's motions to withdraw his guilty plea, either with or without a hearing as the trial court sees appropriate.
 {¶ 7} Costs taxed against Respondent. Final order. Clerk to serve notice on the parties as provided by the Ohio Rules of Civil Procedure. *Page 3 
 DeGenaro, P.J., concurs. Vukovich, J., concurs. Waite, J. concurs. *Page 1