[Cite as *State ex rel. Stanley v. D'Apolito*, 2010-Ohio-4850.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE ex rel. | ) | |
| CHRISTOPHER STANLEY, | ) | CASE NO.    10 MA 114 |
| | ) | |
| RELATOR, | ) | |
| | ) | OPINION |
| - VS - | ) | AND |
| | ) | JUDGMENT ENTRY |
| HONORABLE LOU D'APOLITO, | ) | |
| | ) | |
| RESPONDENT. | ) | |

CHARACTER OF PROCEEDINGS:     Petition for Writ of Mandamus; Motion
To Dismiss.

JUDGMENT:     Petition for Writ of Mandamus Granted;
Motion to Dismiss Denied.

APPEARANCES:
For Relator:     Christopher Stanley, *Pro se*
#443-303
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio  44901

For Respondent:     Attorney Paul Gains
Prosecuting Attorney
Attorney Ralph Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio  44503

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated:  September 30, 2010

PER CURIAM:

¶{1}   On July 14, 2010, Relator Christopher Stanley filed a petition for writ of mandamus seeking an order to compel Respondent Judge Lou D'Apolito of the Mahoning County Common Pleas Court to rule on Stanley's December 7, 2009 Motion to Withdraw No Contest Plea.  In response to the petition, Respondent filed an answer and motion to dismiss.

¶{2}   Although a writ of procedendo is the more appropriate vehicle to use when a court has refused to render a judgment or unnecessarily delays rendering a judgment, the Ohio Supreme Court has found that a writ of mandamus can be used. *State ex rel. Carnail v. McCormick*, __ Ohio St.3d __, 2010-Ohio-2671, ¶32.

¶{3}   As we have previously explained, in order to be entitled to a writ Stanley must establish a clear legal right to the requested relief, a corresponding clear legal duty on the part of Judge D'Apolito to provide it, and the lack of an adequate remedy in the ordinary course of law.  *State ex rel. Stanley v. D'Apolito*, 7th Dist. No. 10MA66, 2010-Ohio-3371, ¶12, citing *Powell v. Houser,* 7th Dist. No. 07MA14, 2007-Ohio-2866, ¶8, citing *Doss Petroleum, Inc. v. Columbiana Cty. Bd. of Elections,* 164 Ohio App.3d 255, 2005-Ohio-5633, ¶6, citing to *State ex rel. Berger v. McMonagle* (1983), 6 Ohio St.3d 28, 29.  Our authority in ruling on a petition for writ of mandamus or procedendo that seeks to have the trial court rule on a pending motion is not to tell the trial court how to rule, but rather is to tell them whether or not they have to rule.  *State ex rel. Parks v. Olivito*, 7th Dist. No. 08CA855, 2008-Ohio-4319, ¶2, citing *State ex rel. Niederlehner, v. Mack* (1932), 125 Ohio St. 559, 564.

¶{4}   In 2002, Stanley entered a no contest plea to the following charges: (1) attempted murder, a violation of R.C. 2923.02(A)(3) and 2903.02(A), (D); (2) rape, a violation of R.C. 2907.02(A)(2), (B); and (3) aggravated burglary, a violation of R.C. 2911.11(A)(1), (B), (C).  *State v. Stanley*, 7th Dist. No. 03MA42, 2004-Ohio-6801, ¶2-3, 19.  The trial court found him guilty, and sentenced him to an aggregate sentence of 18 years.  *Stanley*, 7th Dist. No. 03MA42, 2004-Ohio-6801, at ¶2-3, 19.  Stanley appealed the conviction raising speedy trial and ineffective assistance of counsel issues.  Id. at ¶21-46.  We affirmed the conviction; we did not remand the matter to the trial court for further proceedings. Id. at ¶1, 47.

¶{5}   In December 2009 Stanley moved pursuant to Crim.R. 32.1 to vacate his no contest plea to the aforementioned charges.  In the motion, Stanley argues that

prior to accepting his plea, the trial court incorrectly advised him on the maximum and minimum penalties for these three first degree felonies. Additionally, Stanley maintains that his motion to vacate must be considered a presentence motion under Crim.R. 32.1 because the sentence issued by the trial court was void for failing to properly advise him of postrelease control. The trial court has not ruled on that motion.

¶{6} Respondent maintains that Stanley's petition for a writ of mandamus must be dismissed because the trial court was without jurisdiction to rule on the motion to vacate since the conviction had already been affirmed on appeal. Respondent cites to *State v. Parks*, 7th Dist. No. 08CA857, 2009-Ohio-4817, ¶4, 7, citing *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas* (1978), 55 Ohio St.2d 94, 97 to support its position. Those cases held that a trial court has no jurisdiction over a Crim.R. 32.1 motion once a direct appeal is filed and a decision is rendered, and the trial court does not regain jurisdiction unless the case is remanded to it for further proceedings.

¶{7} However, those cases do not stand for the proposition that a trial court is not required to issue a ruling on the motion to vacate a no contest plea. As we have explained:

¶{8} "[T]here is nothing about the Ohio Supreme Court's decision in *Special Prosecutors* which would prevent the Respondent from issuing a judgment addressing Relator's motions in some manner. See *State ex rel. In re Weger v. Hague* (May 27, 1994), 11th Dist. No. 93-A-1840 (dismissing an action in procedendo because the trial court had issued an order deciding that it did not have jurisdiction); *State v. Tate,* 8th Dist. No. 83582, 2004-Ohio-2979, at ¶11, and *State v. Sawyer,* 9th Dist. No. 07CA0046-M, 2008-Ohio-3370, at ¶7 (affirming judgment entry dismissing a motion to withdraw a guilty plea for lack of jurisdiction because the conviction and sentence had been affirmed). A litigant should be given the courtesy of a judgment entry expressing the trial court's belief that it does not have jurisdiction to address a particular issue so that the litigant can challenge that entry on appeal, if the litigant chooses to do so. A trial court cannot simply refuse to act." *Olivito*, 7th Dist. No. 08CA855, 2008-Ohio-4319, at ¶5.

¶{9} Consequently, considering our holding in *Olivito*, there is a clear legal right to have the motion to vacate ruled on, a duty on the part of respondent to rule on

the motion, and no adequate remedy at law. Thus, the trial court's failure to rule on the motion that was filed over eight months ago necessitates the issuance of the writ.

¶{10} Having said that, we must note that nothing in this opinion should be interpreted as a holding from this court on whether the trial court has jurisdiction over the motion to withdraw the guilty plea. Here, Stanley was sentenced in 2003 and if the sentence did not contain an adequate advisement on postrelease control the sentence would be deemed void. *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, ¶25-26 (determining that R.C. 2929.191 is not retroactive). A void sentence may impact the validity of the first direct appeal and thus, implicate the determination of whether the trial court has jurisdiction over the motion to vacate the no contest plea. Currently pending before the Ohio Supreme Court is the Ninth Appellate District's decision in *State v. Fischer,* 181 Ohio App.3d 758, 761, 2009-Ohio-1491, which addressed the issue of whether the failure to issue a valid postrelease control sentence voids the first direct appeal. *State v. Fischer*, 123 Ohio St.3d 1410, 2009-Ohio-5031 (accepting for review, "A direct appeal from a void sentence is a legal nullity; therefore, a criminal defendant's appeal following *a Bezak* resentencing is the first direct appeal as of right from a valid sentence. 5/15/09 Fischer's Memorandum in Support of Jurisdiction, Proposition of Law I).

¶{11} For the above stated reasons, the motion to dismiss is denied. The Petition for Writ of Mandamus is granted; the trial court is directed to rule on the motion to vacate the no contest plea. Costs taxed against Respondent. Final order. Clerk to serve notice on the parties as provided by the Ohio Rules of Civil Procedure.

Vukovich, P.J., concurs.
Donofrio, J., concurs.
Waite, J., concurs.