[Cite as *State v. Sawyer*, 2011-Ohio-6330.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.     10CA0112-M |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| FLOYD M. SAWYER | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No.     05CR0152 |

DECISION AND JOURNAL ENTRY

Dated: December 12, 2011

CARR, Judge.

{¶1}    Appellant, Floyd Sawyer, appeals the judgment of the Medina County Court of Common Pleas.  The Court affirms, in part, and vacates, in part.

I.

{¶2}    On July 5, 2005, Sawyer entered guilty pleas to one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree, and one count of kidnapping, in violation of R.C. 2905.01(A)(2), a felony of the first degree.  The trial court accepted Sawyer's guilty pleas and found him guilty of both offenses.  Subsequently, on July 18, 2005, the trial court sentenced Sawyer to a term of eight years in prison for the aggravated robbery and a term of five years in prison for the kidnapping.  The trial court ordered the sentences to run consecutively.  Sawyer filed a direct appeal, and this Court affirmed the trial court's judgment on August 21, 2006.  See *State v. Sawyer*, 9th Dist. No. 05CA0089-M, 2006-Ohio-4308.

{¶3} On March 23, 2007, Sawyer filed a motion to withdraw his guilty pleas. The trial court denied the motion on April 19, 2007. On July 7, 2008, this Court affirmed the trial court's denial of the motion on the basis that the trial court did not have jurisdiction to consider it in light of our prior decision. See *State v. Sawyer*, 9th Dist. No. 07CA0046-M, 2008-Ohio-3370.

{¶4} Since the time of his last appeal to this Court, Sawyer has filed a variety of motions in the trial court. On July 20, 2009, Sawyer filed a pro se motion to compel the trial court to revise his judgment entry. On August 18, 2009, Sawyer filed a pro se motion to correct his sentence. On September 25, 2009, the trial court issued a journal entry denying the motion to compel. More than three months later, on January 8, 2010, Sawyer filed a pro se motion for resentencing on the basis that he had not been properly advised regarding post-release control, that the trial court had never made a proper finding of guilt, and that he had been improperly sentenced on allied offenses of similar import. On April 20, 2010, Sawyer filed a pro se motion to amend his pending motion to vacate his void sentence and a motion to compel the trial court to rule on that motion.

{¶5} On September 3, 2010, the trial court issued a journal entry ordering the sheriff to return Sawyer to the courthouse for resentencing. An initial hearing on the motion for resentencing was held on September 15, 2010, but the trial court continued the matter to allow Sawyer to confer with newly appointed defense counsel. On September 17, 2010, defense counsel filed a motion arguing that the counts of aggravated robbery and kidnapping should be merged for the purposes of sentencing as they were not committed with a separate animus. At a subsequent hearing on September 22, 2010, the trial court ordered that Sawyer's original sentence be vacated because the error in post-release control notification rendered it void. After hearing the arguments of the parties, the trial judge determined that Sawyer had committed the

crimes with a separate animus and that he should be sentenced on both counts. The trial court then imposed the same prison sentence Sawyer had received in 2005. In its subsequent sentencing entry which was journalized on September 30, 2010, the trial court ordered Sawyer's original sentence to be vacated. The sentencing entry also reflected that Sawyer had been resentenced to a term of eight years in prison for the count of aggravated robbery and a term of five years in prison for the count of kidnapping, and that the sentences were to run consecutively. The sentencing entry further indicated that upon his release from prison, Sawyer would be subject to a mandatory five-year term of post-release control.

{¶6} Sawyer filed a notice of appeal on October 30, 2010. On appeal, he raises one assignment of error.

II.

## ASSIGNMENT OF ERROR

"THE TRIAL COURT ERRED IN SENTENCING DEFENDANT."

{¶7} Sawyer makes three arguments in support of his assignment of error. First, Sawyer argues the trial court erred in failing to merge the counts of aggravated robbery and kidnapping. Sawyer also argues that the trial court failed to conduct a de novo resentencing hearing when it had been determined that his previous sentence was void. Finally, Sawyer argues that the trial court erred in running his sentences consecutively.

{¶8} The Supreme Court of Ohio has held that an error in post-release control notification does not result in a void sentence. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238. In *Fischer*, the Supreme Court held that "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside." Id. at ¶26. The Court reasoned that "[n]either the Constitution nor

common sense commands anything more." Id. The new sentencing hearing that a defendant is entitled to "is limited to proper imposition of postrelease control." Id. at ¶29. The Court also held that res judicata "applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." Id. at paragraph three of the syllabus.

{¶9}   The issues Sawyer raises in support of his assignment of error fall outside the scope of his current appeal. As noted above, Sawyer filed a direct appeal in 2005. This Court affirmed the trial court's judgment on August 21, 2006. Sawyer then moved the trial court to withdraw his guilty pleas in March 2007. This Court affirmed the trial court's denial of the motion on July 7, 2008. Sawyer subsequently filed a pro se motion for resentencing on January 8, 2010. The trial court vacated his original sentence on the basis that the 2005 sentencing entry contained an error with respect to post-release control notification. The trial court conducted a resentencing hearing on September 22, 2010, and issued a new sentencing entry. In accordance with *Fischer*, the scope of the new sentencing hearing to which Sawyer was entitled was limited to the proper imposition of post-release control. *Fischer*, at paragraph two of the syllabus. Likewise, the scope of Sawyer's appeal from that hearing is limited solely to issues relating to the imposition of post-release control. Id. at paragraph four of the syllabus. It follows that the trial court had authority to impose the proper term of post-release control on Sawyer at the September 22, 2010 hearing. As the lawful portion of Sawyer's original sentence remained in place pursuant to *Fischer*, the trial court did not have authority to vacate Sawyer's original sentence, conduct a de novo sentencing hearing, and then reissue a sentence. To the extent the trial court properly imposed a mandatory five-year period of post-release control upon Sawyer at the resentencing hearing, its judgment is affirmed. To the extent the trial court conducted a de

novo sentencing hearing and reissued a sentence to Sawyer, its judgment in that respect is vacated.

### III.

{¶10} The judgment of the Medina County Court of Common Pleas is vacated to the extent the court exceeded its authority and resentenced Sawyer. The trial court's decision to impose a mandatory five-year term of post-release control is affirmed. The remainder of Sawyer's original sentence remains in place.

Judgment affirmed, in part,
and vacated in part.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

DICKINSON, J.
<u>CONCURS</u>

BELFANCE, P. J.
<u>CONCURS IN JUDGMENT ONLY</u>


<u>APPEARANCES:</u>

MICHAEL J. CALLOW, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MICHAEL P. MCNAMARA, Assistant Prosecuting Attorney, for Appellee.