OPINION
{¶ 1} Appellant, Nathan A. Graham ("Graham") appeals the January 7, 2004 judgment entry of the Common Pleas Court of Hancock County denying Graham's motion to withdraw his guilty plea.
 {¶ 2} This case originally arose out of allegations that Graham had been in possession of stolen property. Graham voluntarily discussed the allegations with the Hancock County Sheriff's Office in May, 1996. During the conversation with law enforcement, Graham stated that he had possession of two firearms and gave officers the location of the firearms. Graham then voluntarily surrendered the two firearms, a shotgun with a sixteen inch sawed-off barrel and a .22 caliber rifle with a fourteen inch sawed-off barrel.
 {¶ 3} On May 15, 1996, Graham was indicted on a three count indictment, including: one count of receiving stolen property, in violation of R.C. 2913.51, a felony of the third degree; and two counts of possession of a dangerous ordnance, violations of R.C.2923.17, felonies of the fourth degree. Graham was appointed counsel from the Public Defender's Office. On June 17, 1996, Graham's appointed counsel filed a motion to withdraw as counsel of record, which was granted by the trial court. Graham was then appointed new counsel. On October 31, 1996, Graham's new appointed counsel filed a similar motion to withdraw as counsel of record. However, this motion was later withdrawn on December 9, 1996.
 {¶ 4} On March 19, 1997, pursuant to a plea agreement, Graham entered a plea of guilty to the two counts of possession of a dangerous ordnance (case number 96-101-CR) in exchange for the dismissal of the count of receiving stolen property. A presentence investigation was ordered by the trial court and a sentencing hearing was held on May 27, 1997. Graham was sentenced to eighteen months of incarceration for each count of possession of a dangerous ordnance, to be served concurrently. Graham served his entire eighteen month sentence of incarceration. Graham never filed a direct appeal or postconviction relief petition in the case.
 {¶ 5} In 1999, Graham was indicted and convicted of unrelated charges in the Common Pleas Court of Hancock County in case number 99-25-CR. Graham's March 19, 1997 conviction of two counts of possession of a dangerous ordnance (case number 96-101-CR), the subject of the instant action, was used to enhance the sentence imposed upon Graham in case number 99-25-CR.
 {¶ 6} On October 27, 2003, Graham filed a motion to withdraw his guilty plea in case number 96-101-CR. The trial court denied the motion on January 7, 2004. It is from this judgment that Graham now appeals, asserting the following three assignments of error.
The trial court erred as a matter of law in finding that theimmunity from prosecution set forth in the mandatory language ofR.C. § 2923.23 is not self effectuating.
 The trial court erred and abused its discretion in its factualfindings where the findings are contradicted by the record inthis case.
 The trial court erred as a matter of law in determining thatcounsel was not ineffective for exposing appellant to prohibitedprosecutions.
 {¶ 7} A motion to withdraw a plea of guilty is governed by Crim.R. 32.1, which states: "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Accordingly, a defendant who seeks to withdraw a guilty plea after sentence has been imposed must demonstrate a manifest injustice. State v. Smith (1977),49 Ohio St.2d 261, paragraph one of the syllabus, 361 N.E.2d 1324. Crim. R. 32.1 motions are not subject to explicit time limitations. See State v. Bush, 96 Ohio St.3d 235,2002-Ohio-3993, 773 N.E.2d 522.[1]
 {¶ 8} A manifest injustice has been defined as a "clear or openly unjust act." State ex rel. Schneider v. Kriener (1998),83 Ohio St.3d 203, 208, 699 N.E.2d 83. Manifest injustice has also been defined as "an extraordinary and fundamental flaw in the plea proceedings." State v. Lintner (Sept. 21, 2001), 7th Dist. No. 732, unreported, 2001 WL 1126654, citing State v.Smith (1977), 49 Ohio St.2d 261, 264, 361 N.E.2d 1324. Under the manifest injustice standard, "a postsentence withdrawal motion is allowable only in extraordinary cases." Smith,49 Ohio St.2d at 264; see e.g., State v. DeSote, 3d Dist. Nos. 12-03-05, 12-03-09, 2003-Ohio-6311 (manifest injustice to refuse to allow defendant to withdraw his plea of no contest to charge of failure to notify sheriff of his change of address, where defendant's duty to register as sex offender was premised on court order which was later set aside as void).
 {¶ 9} A defendant who seeks to withdraw his guilty plea after sentence has been imposed has the burden of establishing the existence of manifest injustice. Id., citing United States v.Mainer (C.A. 3, 1967), 383 F.2d 444. "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." Smith, 49 Ohio St.2d at paragraph two of the syllabus. Therefore, reviewing courts will not reverse a trial court's denial of a motion to withdraw a guilty plea absent an abuse of discretion. State v. Nathan (1995),99 Ohio App.3d 722, 725, 651 N.E.2d 1044. An abuse of discretion implies the trial court's decision was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 10} In State v. Nathan, this court held that generally a hearing is required for a postsentence motion to withdraw a plea "`if the facts alleged by the defendant and accepted as true would require the court to permit that plea to be withdrawn.'"Nathan, 99 Ohio App.3d at 725, quoting State v. Hamed (1989),63 Ohio App.3d 5, 7, 577 N.E.2d 1111. It has also been held that "a post-sentence motion to withdraw a plea of guilty or no contest is ordinarily subject to denial without a hearing when the record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice." State v.Cosavage (June 28, 1995), 9th Dist. Nos. 17074 and 17075, unreported, 1995 WL 404974, at *2.
 {¶ 11} Here, Graham has made allegations which are not supported by the record and the evidence provided by Graham does not establish that manifest injustice has occurred. In his three assignments of error, Graham asserts that the trial court erred in its decision to deny his motion to withdraw his guilty plea. Graham's second assignment of error asserts a broad error on the part of the trial court in making factual findings that are contradicted by the record. Graham's first and third assignments of error, on the other hand, specifically assert that the trial court erred in finding that the immunity from prosecution set forth in R.C. 2923.23 did not apply to Graham and that Graham's trial counsel was not ineffective. Since the assignments of error are interrelated, we have chosen to address them together.
 {¶ 12} We note that Graham has failed to provide this court with transcripts or records of the proceedings of which he claims errors occurred. The party seeking an appeal bears the burden of demonstrating error by reference to the record of the proceedings below. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199, 400 N.E.2d 384. Therefore, it is the appellant's duty to provide the reviewing court with adequate transcripts or records of the proceedings. Id. "In the absence of a complete and adequate record, a reviewing court must presume the regularity of the trial court proceedings and the presence of sufficient evidence to support the trial court's decision." Burrell v.Kassicieh (1998), 128 Ohio App.3d 226, 232, 714 N.E.2d 442.
 {¶ 13} Graham asserts that he was entitled to immunity from prosecution under R.C. 2923.23 because it is undisputed that he fulfilled the requirements of the immunity provision. However, the record does not contain a stipulation by the parties as to this fact. Since Graham pled guilty to the charges of possession of a dangerous ordnance, the State was not required to present its evidence in court proving each of the elements of R.C.2923.17 and disproving each of the immunity requirements of R.C.2923.23.
 {¶ 14} While a trial court should determine if there is a sufficient factual basis to justify the defendant's conviction of a crime before accepting his plea to the charge, the court is not required to examine the state's evidence to determine whether it is sufficient to prove the defendant's guilt of the crime. Statev. Buhrman (Sept. 12, 1997), 2d Dist. No. 96 CA 145, unreported, 1997 WL 566154, at *22. Whether a defendant is afforded the immunity provision of R.C. 2923.23 is a factual determination made by the court in each individual case. See State v.Blankenship (1995), 102 Ohio App.3d 534, 657 N.E.2d 559
(immunity not granted when record contained no evidence indicating appellant made any attempt to report his possession of the firearms or to voluntarily surrender any of the firearms to a law enforcement agency); State v. Finfrock (June 16, 1995), 2d Dist. No. 14578, unreported, 1995 WL 396504 (counsel not ineffective for failing to explain and pursue the immunity defense when there was evidence that defendant did not voluntarily surrender the weapons); State v. DeNiro (Dec. 16, 1994), 11th Dist. No. 93-A-1775, unreported, 1994 WL 721641 (immunity not granted when evidence showed that defendant did not intend to surrender the gun until after the police asked for it);State v. Hunter (Sept. 30, 1991), 3d Dist. No. 13-90-27, unreported, 1991 WL 216878 (immunity not granted to defendant who told police of the whereabouts of two firearms during a search that was executed pursuant to a warrant because defendant was essentially detained during the search); State v. Gay (Nov. 2, 1990), 11th Dist. No. 88-P-2043, unreported, 1990 WL 170682 (immunity not granted to one who uses a firearm to commit a crime).
 {¶ 15} The only evidence regarding the incident available for review by this court is the incident report of the Hancock County Sheriff's Office that Graham filed as a supplement to his motion to withdraw his guilty plea. As the trial court found, "[w]hile the attached Sheriff's incident report arguably supports the Defendant's contention, other evidence in the record suggests a plausible explanation for not pursuing this defense." January 7, 2004 Decision Order, p. 4. The trial court considered the incident report in the context of the entire proceedings. Id. In doing so, the trial court determined that the record established that the plea agreement Graham entered into allowed him to avoid prosecution and imposition of a much greater sentence by pleading guilty to the two counts of possession of a dangerous ordnance. In exchange for his guilty plea, the state dropped the greater charge of receiving stolen property. Therefore, the record does not clearly show that Graham was immune from prosecution on the charge of possession of a dangerous ordnance.
 {¶ 16} In relation to this plea agreement, Graham asserts that his trial counsel was ineffective for allowing Graham to be subject to the prosecution of two charges of possession of a dangerous ordnance when Graham was immune from prosecution of the charges under R.C. 2923.23. As we established above, the record does not show that Graham was indisputably immune from prosecution of possession of a dangerous ordnance. As we have no other evidence either proving or disproving the requirements for immunity under R.C. 2923.23, we cannot say that trial counsel was ineffective for advising Graham to accept the plea agreement.
 {¶ 17} A high burden is placed upon the defendant to show ineffectiveness on the part of trial counsel. The standard is set forth in Strickland v. Washington (1984), 466 U.S. 668, 686,104 S.Ct. 2052, 80 L.Ed.2d 674, in which the Supreme Court held "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686. The general standard for counsel's performance is "reasonably effective assistance." Id. at 687. Therefore, Graham is required to show that the performance of his trial counsel fell below "an objective standard of reasonableness." Id. at 688. This court must make the inquiry into the reasonableness of counsel's performance considering all of the circumstances in the case and the totality of the evidence. Id. at 695.
 {¶ 18} We agree with the findings of the trial court that the performance of Graham's trial counsel was not so deficient as to fall below the objective standard of reasonableness. Graham has failed to point in the record where counsel was ineffective. Without such a showing by Graham, we must presume that counsel provided "reasonably effective assistance."
 {¶ 19} Upon review of the record, we find that Graham did not allege facts that result in a manifest injustice. Since neither transcripts from the hearings on this matter, nor acceptable alternatives as provided in App.R. 9, were included as a part of this appeal, we do not have adequate records to pass upon and we must, therefore, presume that the judgment and proceedings of the trial court were valid. State v. Lane (1997),118 Ohio App.3d 485, 488, 693 N.E.2d 327. As we stated above, motions made pursuant to Crim.R. 32.1 are addressed to the sound discretion of the trial court. Smith, 49 Ohio St.2d at paragraph two of the syllabus. Graham's motion to withdraw his guilty plea, as well as his brief to this court, set forth conclusory, self-serving allegations for which there is little or no support in the record. State v. Lightning (June 20, 1995), 7th Dist. No. 94 CA 143, unreported, 1995 WL 370741. A defendant's "bare unsubstantiated assertions" are not sufficient to demonstrate a manifest injustice. State v. Grigsby (1992),80 Ohio App.3d 291, 300, 609 N.E.2d 183.
 {¶ 20} Furthermore, the undue delay between Graham pleading guilty to the charges and the filing of his motion to withdraw his guilty plea is a factor that adversely affects his credibility. Smith, 49 Ohio St.2d 261 at paragraph three of the syllabus. Over six years passed between the time Graham pled guilty and his filing of a Crim.R. 32.1 motion. Graham has served his full term of incarceration and failed to avail himself of a direct appeal or postconviction petition.
 {¶ 21} After reviewing the record and taking into consideration all of the circumstances in this case, we find that the trial court did not abuse its discretion in denying Graham's motion to withdraw his guilty plea. Accordingly, Graham's assignments of error are overruled and the judgment of the Common Pleas Court of Hancock County is affirmed.
Judgment Affirmed.
 Shaw, P.J. and Cupp, J., concur.
[1] This court has consistently held that the doctrine of res judicata applies to claims raised pursuant to Crim.R. 32.1. SeeState v. Reynolds, 3d Dist. No. 12-01-11, 2002-Ohio-2823 (Shaw, J., dissenting). In Reynolds, a majority of this court held that when a motion to withdraw a guilty plea is brought after the time for direct appeal or postconviction relief, it should first be considered whether the claims raised in the motion are barred by res judicata. Id. at ¶ 27. We would apply the manifest injustice standard only when the claim was not barred by res judicata. Id. However, since the trial court addressed Graham's motion to withdraw his guilty plea on the merits, we have chosen to review the trial court's decision using the manifest injustice standard that the trial court employed.