DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas Country Court of Common Pleas, which denied several petitions by appellant for postconviction relief. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} On May 8, 2002, appellant pled no contest to charges in three different cases. In case no. CR-01-2911, appellant pled no contest to three counts of breaking and entering, violations of R.C. 2911.13(A). In case no. CR-01-3109, appellant plead no contest to one count of receiving stolen property, a violation of R.C. 2913.51 and R.C. 2913.71(A), and one count of forgery, a violation of R.C. 2913.31(A)(3). In case no. CR-01-2932, appellant plead no contest to two more counts of breaking and entering, violations of R.C. 2911.13(A).
 {¶ 3} Appellant was found guilty on all charges. Appellant was sentenced in CR-01-2911 to nine months for each of the three counts, to be served concurrently. In CR-01-3109, appellant was sentenced to six months on each count to be served concurrently. In CR-01-2932, appellant was ordered to serve nine months for each count, also to be served concurrently. All sentences were ordered to be served consecutively for a total of 24 months imprisonment.
 {¶ 4} However, appellant did file several pro se postconviction relief motions with the trial court including motions for judicial release, a motion to withdraw his no contest plea and enter a plea of not guilty, a motion to "enforce induced no contest plea agreement and modify sentence imposed Crim. R. 11" [sic], a motion for appointment of counsel, and a motion for a transcript of the sentencing hearing of June 6, 2002. In a judgment entry filed July 21, 2003, the trial court denied all of appellant's motions without an evidentiary hearing. Appellant then timely filed a notice of appeal on August 13, 2003, seeking to appeal the July 21 judgment entry. Appellant sets forth the following four assignments of error:
 ASSIGNMENT OF ERROR I {¶ 5} "The trial court erred in denying the defendant's motion to enforce the induced no-contest guilty plea agreement, violates the contract clause and conflicts with precedent case law rendered by the United States Court." [sic]
 ASSIGNMENT OF ERROR II {¶ 6} "Trial court erred in denying defendant's motion to withdraw the no-contest plea for breach of contract to induced plea without providing the defendant an evidentiary hearing."
 ASSIGNMENT OF ERROR III {¶ 7} "The denial of effective assistance of counsel during the criminal rule 11 plea process effectively sabotages the proceedings to deny defendant effective assistance of counsel in trial court and on direct appeal."
 ASSIGNMENT OF ERROR IV {¶ 8} "Trial court erred and prejudice the defendant's right to an appeal by denying copy of transcripts, and all motions filed by the trial counsel of record conflicts with a court of appeals, Ohio Supreme Court and United States Supreme Court case law." [sic]
 {¶ 9} Appellant's first three assignments of error can be addressed together. The doctrine of res judicata applies to postconviction relief proceedings. The doctrine bars a defendant from raising any defense or lack of due process that was or could have been raised at trial or on direct appeal. State v. Perry
(1967), 10 Ohio St.2d 175, paragraphs eight and nine of the syllabus. A postconviction relief proceeding is not to be utilized as an alternative or substitute to a direct appeal.State v. Addison (Aug. 3, 2000), 3d Dist. No. 5-2000-02.
 {¶ 10} Appellant's first assignment of error, averring that the trial court erred in denying his motion to enforce the "induced no-contest guilty plea agreement," could have been raised on direct appeal, and thus is barred by res judicata. Accordingly, appellant's first assignment of error is found not well-taken. Appellant's second assignment of error contends that the trial court erred in denying his motion to withdraw the no-contest plea based on his "induced no-contest guilty plea agreement." This also could have been raised on direct appeal. Accordingly, appellant's second assignment of error is found not well-taken. Appellant's third assignment of error claiming ineffective assistance of counsel is also barred by res judicata, as it could have been raised on direct appeal. Appellant's third assignment of error is thus not well-taken.
 {¶ 11} Appellant claims in his fourth assignment of error that the trial court erred when it denied him a copy of the sentencing transcript. As this court stated before in a decision and judgment entry filed December 3, 2003, "post-conviction relief proceedings will be governed by the Ohio Rules of Appellate Procedure as applicable to civil actions." State v.Nichols (1984), 11 Ohio St.3d 40, 42. Since this post-conviction proceeding is treated as a civil action, appellant is not entitled to a transcript prepared at state expense. Accordingly, appellant's fourth assignment of error is found not well-taken and hereby denied.
 {¶ 12} In consideration of the foregoing, the judgment of the Lucas County Court of Common Pleas is affirmed.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Lanzinger, J., Singer, J., concur.