DECISION AND JUDGMENT ENTRY
{¶ 1} John Reznickcheck, pro se, appeals the decision of the Lucas County Court of Common Pleas to deny his motions to withdraw his no contest and guilty pleas. Because the motions were untimely and failed to demonstrate a manifest injustice, we affirm.
 {¶ 2} Reznickcheck was indicted on August 22, 1996 in case number CR-96-6868 on one count of aggravated burglary and one count of theft with a specification of a previous offense of violence. Reznickcheck was later indicted on September 13, 1996 in case number CR-96-7032 for felonious assault, attempted kidnapping, and robbery. A jury trial was held on February 10 — 11, 1997 on case number CR-96-6868. Reznickcheck was found guilty of both aggravated burglary and theft. A month after the jury trial, Reznickcheck's counsel made an oral motion to withdraw from both cases. The trial court granted the motion and appointed new counsel for Reznickcheck. He then entered a no contest plea on the felonious assault charge and guilty pleas to robbery and the lesser included offense of abduction in case number CR-96-7032 on June 3, 1997. A sentencing hearing was held on both cases on June 6, 1997. In case number CR-96-6868, the trial court sentenced Reznickcheck to 7 to 25 years for aggravated burglary, 1 1/2 to 5 years for theft, and ordered consecutive sentences.[1] He was sentenced to 5 years for felonious assault, 3 years for abduction, and 4 years for robbery in case number CR-96-7032. These prison terms were also ordered to be served consecutively to each other as well as to the term imposed in case number CR-96-6868. His total prison time was 20 1/2 to 42 years.
 {¶ 3} Reznickcheck appealed his aggravated burglary and theft convictions from case number CR-96-6868 and his sentences in both CR-96-6868 and CR-96-7032. In State v. Reznickchek (Dec. 18, 1998), 6th Dist. No. L-97-1247, we affirmed the pre-S.B. 2 theft conviction and the trial court's sentencing Reznickcheck. We also affirmed the imposition of consecutive sentences in both CR-96-6868 and CR-96-7032. This court, however, determined that Reznickcheck's conviction for aggravated burglary was against the manifest weight of the evidence and therefore modified the conviction to burglary. Upon remand, the trial court imposed a one year sentence for burglary on August 6, 1999.
 {¶ 4} On October 22, 2003, Reznickcheck, pro se, filed a motion to withdraw his plea of no contest and a motion to withdraw his guilty plea in both CR-96-6868 and CR-96-7032. The trial court determined that the motions were untimely, failed to demonstrate a manifest injustice and were barred by the doctrine of res judicata. Reznickcheck now raises the following assignment of error of appeal:
 {¶ 5} "The trial court abused its discretion in the denial of defendant's motion to withdraw plea of guilty/no-contest."
 {¶ 6} A motion to withdraw a plea of no contest or guilty is governed by Crim.R. 32.1 which provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Whether the movant has demonstrated a manifest injustice is addressed to the sound discretion of the trial court. State v. Smith (1977),49 Ohio St.2d 261, paragraph two of syllabus. Therefore, an appellate court will not reverse a trial court's denial of a motion to withdraw a guilty plea absent an abuse of discretion. State v.Nathan (1995), 99 Ohio App.3d 722, 725. An abuse of discretion connotes more than an error of law or judgment; it implies that the action of the trial court was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 7} Reznickcheck argues first, that the state failed to provide him with all the evidence collected during the police's investigation and second, that he received ineffective assistance of counsel. Specifically, he alleges that he did not receive the 911 tapes concerning the burglary and theft charges and that his counsel was ineffective when he failed to obtain them. Reznickcheck also argues that the trial court denied his due process rights on his plea withdrawal motions because it "failed to look at the records to see if in fact this information was withheld."
 {¶ 8} The trial court denied Reznickcheck's motions to withdraw his pleas on the basis of three findings. First, the trial court found that the motions were untimely. While there are no explicit time limits on a motion to withdraw plea, "an undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." Smith, supra, at paragraph three of syllabus. Reznickcheck was sentenced in both case number CR-96-6868 and CR-96-7032 on June 6, 1997. He filed his motions to withdraw pleas on October 22, 2003, after his motions for judicial release were denied. Reznickcheck inexplicably waited for over six years after sentencing to raise this issue. Thus, the trial court could properly have considered this delay as a factor adversely affecting Reznickcheck's credibility and militating against the granting of the motion. See State v. Miley, 8th Dist. No. 83512, 2004-Ohio-641.
 {¶ 9} Secondly, the trial court determined that Reznickcheck failed to demonstrate that a manifest injustice occurred. Reznickcheck complains that the trial court should have held an evidentiary hearing before ruling on his motions. Evidentiary hearings, however, are not required by Crim.R. 32.1. Accordingly, an evidentiary hearing must be held only in cases where the facts, if taken as true, "would require the court to permit the plea to be withdrawn." State v. Hamed (1989), 63 Ohio App.3d 5,7. See also, State v. Kapper (1983), 5 Ohio St.3d 36, 38
(evidentiary hearing in a postconviction proceeding to withdraw a plea is not necessary if defendant sets forth no meritorious grounds for relief).
 {¶ 10} The trial court did not err by not holding a hearing. Reznickcheck did not support his motions with any affidavits or evidence. While he theorizes that the reason the police or the state did not turn over the 911 tapes was because the perpetrator's description did not match his, Reznickcheck has not shown that a manifest injustice has occurred.
 {¶ 11} "A manifest injustice has been defined as a `clear or openly unjust act.' State ex rel. Schneider v. Kreiner (1998),83 Ohio St.3d 203, 208. Manifest injustice has also been defined as `an extraordinary and fundamental flaw in the plea proceedings.' State v. Lintner (Sept. 21, 2001), 7th Dist. No. 732 citing State v. Smith (1977), 49 Ohio St.2d 261, 264. Under the manifest injustice standard, `a postsentence withdrawal motion is allowable only in extraordinary cases.' Smith,49 Ohio St.2d at 264; see e.g., State v. Desote, 3d Dist. Nos. 12-03-05, 12-03-09, 2003-Ohio-6311 (manifest injustice to refuse to allow defendant to withdraw his plea of no contest to charge of failure to notify sheriff of his change of address, where defendant's duty to register as sex offender was premised on court order which was later set aside as void)." State v.Graham, 3d Dist. No. 5-04-02, 2004-Ohio-3019, at ¶ 8.
 {¶ 12} The burden of establishing the existence of manifest injustice is on the movant. Id. at ¶ 9 citing United States v.Mainer (C.A.3, 1967), 383 F.2d 444. There is no evidence in the record that either of his trial counsel requested and was denied access to any 911 tapes or that 911 tapes even existed for the offenses charged in case number CR-96-7032. The record, however, does reflect that each of the victims identified Reznickcheck as the offender through use of a photo array or line-up. Furthermore, Reznickcheck in his motions to withdraw his pleas acknowledges that there is no disputing that he did the robbery and attempted kidnapping. We, therefore, conclude that the trial court did not abuse its discretion when it determined that Reznickcheck failed to demonstrate a manifest injustice.
 {¶ 13} Finally, the trial court found that Reznickcheck's motions were barred by res judicata. The doctrine of res judicata precludes any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial or on an appeal from that judgment. State v. Perry (1967),10 Ohio St.2d 175, paragraph nine of the syllabus. "Res judicata applies to `any proceeding' initiated after a final judgment of conviction and direct appeal, including a motion to withdraw filed after a direct appeal. State v. Gaston, Cuyahoga App. No. 82628, 2003-Ohio-5825. Res judicata prevents a criminal defendant from making repeated attacks on a final judgment and applies to all issues that were raised or could have been raised previously in an appeal. State v. Tucker, Cuyahoga App. No. 81927, 2003-Ohio-5377; State v. Johnson, Cuyahoga App. No. 80247, 2002-Ohio-2712." State v. Tate, 8th Dist. No. 83582, 2004-Ohio-2979, at ¶ 12. See also, State v. Brown, 6th Dist. Nos. L-03-1231, L-03-1232, L-03-1233, 2004-Ohio-4268; State v.Harmon, 3d Dist. No. 8-04-01, 2004-Ohio-4012; State v. Zhao,
9th Dist. No. 03CA008386, 2004-Ohio-3245.
 {¶ 14} Reznickcheck contends he received ineffective legal assistance from his first attorney and that the state failed to disclose the 911 tapes the officers testified existed at trial. Reznickcheck appealed his aggravated burglary and theft convictions and his sentences in both CR-96-6868 and CR-96-7032. He was appointed a different appellate counsel. Any claim of ineffective assistance of counsel or discovery violations could have been raised at the time of his initial appeal; therefore, the trial court did not abuse its discretion in finding Reznickcheck's motions were barred by res judicata.
 {¶ 15} It is also important to note that Reznickcheck pled not guilty in case number CR-96-6868 and was convicted of burglary and theft following a jury trial. A Crim.R. 32.1 motion to withdraw plea, therefore, is inapplicable to these convictions. To the extent that the motion should be considered a motion for postconviction relief, it would also be untimely pursuant to R.C. 2953.21 and barred by res judicata.
 {¶ 16} Reznickcheck's sole assignment of error is not well-taken. The judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, court costs are assessed to appellant.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Knepper, J., Lanzinger, J. Concur.
[1] Case number CR-96-6868 is pre-S.B. 2 case, whereas case number CR-96-7032 is a post-S.B. 2 case.