DECISION AND JUDGMENT ENTRY
{¶ 1} This is a pro se appeal from a judgment of the Lucas County Court of Common Pleas that denied appellant's motion to withdraw his pleas. For the following reasons, the judgment of the trial court is affirmed.
 {¶ 2} Appellant sets forth the following assignment of error:{¶ 3} "The trial court erred and abused its discretion by failing to consider the appellant's post-conviction petitions on the merits and by denying the petitions without any evidentiary hearing when all requirements had been met in the petitions for necessitating an evidentiary hearing to establish materiality of new evidence and a determination whether the manifest weight and the sufficiency of the evidence in this case was sufficient to sustain any conviction in this case."
 {¶ 4} On July 2, 2003, appellant pled guilty to one count of possession of cocaine, in violation of R.C. 2925.11(A) and (C)(4)(a), a fifth-degree felony, and one count of failure to comply with the signal of a police officer, in violation of R.C.2921.331(B) and (C)(5)(a)(ii), a third-degree felony. The trial court found appellant guilty of both offenses and sentenced him to serve four years of community control. Appellant was informed that if he violated any of the terms of his community control he could be ordered to serve a maximum sentence of 12 months as to the first count and five years as to the second count.
 {¶ 5} On May 17, 2004, appellant's community control was revoked. He was ordered to serve 11 months as to the conviction for possession of cocaine and four years as to the conviction for failure to comply with a signal of a police officer. Since that time, appellant has filed numerous postconviction motions. The motion which is the subject of this appeal was filed February 27, 2006. On March 14, 2006, the trial court found that on July 11, 2005, appellant had filed another motion to withdraw his guilty pleas, which the court denied on August 2, 2005. In its March 14, 2006 entry, the trial court stated that it was denying the most recent motion to withdraw his pleas for the reasons set forth in its August 2005 order.
 {¶ 6} In the August 2005 order, the trial court noted that appellant sought to withdraw his guilty pleas on the basis that they were not knowingly, intelligently or voluntarily made. In support of his motion, appellant had submitted his sworn affidavit in which he stated he was on "narcotic medication" at the time his pleas were entered. In denying that original motion, the trial court examined the transcript of the plea hearing and found that there was nothing to corroborate appellant's position. In its judgment entry, the trial court quoted a portion of the hearing transcript in which appellant stated he was "not under the influence of anything." The trial court found that appellant was "aware of the purpose of the proceedings, the details of the events that gave rise to the charges to which entered pleas of guilty, and that his pleas were knowingly, intelligently and voluntarily made."
 {¶ 7} Appellant again seeks to withdraw his guilty pleas on the basis that they were not knowingly, intelligently or voluntarily made. He also argues that his conviction was the result of police, prosecutorial and judicial misconduct, as well as ineffective assistance of counsel. He claims "evidentiary inconsistencies" and argues his conviction is against the weight and sufficiency of the evidence.
 {¶ 8} Crim.R. 32.1 provides that a trial court may grant a post-sentence motion to withdraw a guilty plea upon a showing of manifest injustice. State v. Smith (1977), 49 Ohio St.2d 261. This court finds that although appellant's claims are the proper subject for a motion to withdraw a plea pursuant to Crim.R. 32.1, his claims are barred by the doctrine of res judicata.
 {¶ 9} Under the doctrine of res judicata, a convicted defendant who was represented by counsel is barred from raising and litigating in any proceeding, except appeal from that judgment, any defense or claimed lack of due process that he raised or could have raised at trial. State v. Szefcyk (1996),77 Ohio St.3d 93, 1996 Ohio 337, syllabus. Furthermore, a defendant's failure to appeal a judgment of conviction bars as res judicata any subsequent attempt to litigate issues that could have been raised on a direct appeal. State v. Dick (2000),137 Ohio App.3d 260, 2000 Ohio 1685, citing State v. Harmon (1995),103 Ohio App.3d 595, 598. "The fact that Defendant did not undertake a direct appeal from [his] * * * conviction and sentence does not change the application of the res judicata doctrine." State v. Quiles (Jan. 2, 1997), 9th Dist. No. 96CA006312.
 {¶ 10} Based on the foregoing, this court finds that appellant's 2006 motion to withdraw his guilty pleas was barred by the doctrine of res judicata. All of appellant's claims could have been raised at the time of trial or on direct appeal. Further, appellant has already filed a motion to withdraw his guilty pleas which was denied by the trial court in August 2005. Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 11} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Pietrykowski, J., Singer, P.J., Parish, J. Concur.