[Cite as *State v. Sabbah*, 2019-Ohio-658.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                    Court of Appeals No. E-18-015

      Appellee                              Trial Court No. 1993-CR-240

v.

Paul Sabbah                                    **DECISION AND JUDGMENT**

      Appellant                             Decided:  February 22, 2019

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Anthony A. Battista III, Assistant Prosecuting Attorney, for appellee.

Paul Sabbah, pro se.

* * * * *

**MAYLE, P.J.**

{¶ 1} In this accelerated appeal, defendant-appellant, Paul Sabbah, acting pro se, appeals the March 13, 2018 judgment of the Erie County Court of Common Pleas, denying his motion for a final, appealable order.  For the following reasons, we affirm the trial court judgment.

## I. Background

{¶ 2} On July 5, 1994, following a jury trial, Paul Sabbah was convicted of the aggravated murder of Gerald Walk and was sentenced to life in prison with the possibility of parole after 20 years. He appealed, arguing that (1) he was denied due process when the trial court limited his cross-examination of the state's chief witness and denied him access to her psychiatric records, and (2) the trial court erred by admitting other-acts testimony. We affirmed Sabbah's conviction. *State v. Sabbah*, 6th Dist. Erie No. E-94-031, 1995 Ohio App. LEXIS 3369 (Aug. 18, 1995). Sabbah sought review by the Ohio Supreme Court, but the court declined jurisdiction. *State v. Sabbah*, 74 Ohio St.3d 1498, 659 N.E.2d 314 (1996).

{¶ 3} On June 3, 2000, Sabbah filed an application for delayed reopening of his appeal. We denied Sabbah's motion. *State v. Sabbah*, 6th Dist. Erie No. E-94-031 (June 1, 2000). Again, Sabbah sought review by the Ohio Supreme Court, and again, the court declined jurisdiction. *State v. Sabbah*, 93 Ohio St.3d 1428, 755 N.E.2d 352 (2001).

{¶ 4} On February 8, 2017, Sabbah filed a "motion for wrongful conviction under Ohio Revised Code 2743.48." In it, he argued that appointed counsel was ineffective, he maintained that his conviction was secured with "vindictive testimony," and given that the incident that led to the victim's death was allegedly "a fist-fight," he insisted that manslaughter was the greatest offense supported by the evidence. The trial court denied Sabbah's motion in a judgment entry journalized on June 15, 2017.

**{¶ 5}** On August 2, 2017, Sabbah filed a complaint for writ of mandamus in this court. We dismissed his complaint for failure to comply with the basic procedural requirements required for such an action. *State v. Sabbah*, 6th Dist. Erie No. E-17-041 (Aug. 18, 2017). He moved for reconsideration, which we denied. *State v. Sabbah*, 6th Dist. Erie No. E-17-041 (Oct. 19, 2017).

**{¶ 6}** Finally, on February 5, 2018, Sabbah filed a motion in the trial court for a final, appealable order, arguing that his judgment of conviction was void because the trial judge did not sign the journal entry. The trial court denied his motion in a judgment entry journalized on March 13, 2018.[1] Sabbah appealed and assigns the following errors for our review:

> ASSIGNMENT OF ERROR NUMBER I:
>
> THE CONVICTION WAS IMPOSED CONTRARY TO LAW THE STATE ADDUCED INSUFFICIENT EVIDENCE TO SUPPORT APPELLANT'S CONVICTION AND THAT THE CONVICTION IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE WHEN THE ORIGINAL LUCAS COUNTY CORONER'S AUTOPSY:

---

[1] We initially dismissed Sabbah's appeal because he failed to file a brief or a motion for extension of time. *State v. Sabbah*, 6th Dist. Erie No. E-18-015 (June 25, 2018). We ultimately reinstated the appeal. *State v. Sabbah*, 6th Dist. Erie No. E-18-015 (Sept. 26, 2018).

236-93 STATED ON MAY 22ND, 1993 THAT THE MANNER OF DEATH WAS UNDETERMINED. [sic]

ASSIGNMENT OF ERROR NUMBER II:

APPELLANT WAS DENIED A FAIR AND UNBIAS TRIAL DUE TO THE PROSECUTIONS USE OF KNOWINGLY PERJURED TESTIMONY, RESULTING IN PROSECUTORIAL MISCONDUCT AND DISCRIMINATORY PROSECUTION DEPRIVING APPELLANT OF DUE PROCESS AND EQUAL PROTECTION OF THE LAW. [sic]

## II. Law and Analysis

{¶ 7} In his assignments of error, Sabbah challenges the sufficiency and weight of the evidence against him, and he argues that prosecutorial misconduct deprived him of due process and equal protection under the law. We begin by noting that the order that Sabbah appealed from was the March 13, 2018 denial of his "motion for a final, appealable order." That motion was premised on Sabbah's contention that the judgment entry of conviction lacked the signature of the trial judge and was, therefore, void—a contention that is meritless given that the record contains a judgment entry journalized on July 5, 1994, bearing the signature of Judge Ann B. Maschari. It is unclear why Sabbah has assigned errors unrelated to the order he appealed.

{¶ 8} Nevertheless, to the extent that Sabbah challenges the sufficiency and weight of the evidence and contends that the prosecutor engaged in misconduct, the state argues

that Sabbah's assignments of error are barred by res judicata because they could have been raised on appeal or in his previously-filed motion for postconviction relief.

{¶ 9} The doctrine of res judicata precludes any defense or any claimed lack of due process that was raised or could have been raised on an appeal from a judgment. *State v. Stevens*, 6th Dist. Lucas No. L-06-1128, 2006-Ohio-5358, ¶ 9. It applies to "'any proceeding' initiated after a final judgment of conviction and direct appeal," including postconviction motions. *State v. Reznickcheck*, 6th Dist. Lucas Nos. L-04-1029, L-04-1030, 2004-Ohio-4801, ¶ 13, quoting *State v. Gaston*, 8th Dist. Cuyahoga App. No. 82628, 2003-Ohio-5825, ¶ 8. Res judicata prevents a criminal defendant from repeatedly attacking a final judgment based on issues that were raised or could have been raised previously. (Citations omitted.) *Id.*

{¶ 10} Here, Sabbah's February 8, 2017, "motion for wrongful conviction under Ohio Revised Code 2743.48" arguably raises some of the arguments he makes in this appeal, but he failed to appeal the trial court judgment denying that motion. Moreover, Sabbah could have challenged the prosecutor's purported misconduct and the sufficiency and manifest weight of the evidence in his direct appeal following his 1994 conviction. We, therefore, must agree with the state that Sabbah's arguments in this appeal are barred by the doctrine of res judicata. Accordingly, we find Sabbah's assignments of error not well-taken.

5.

### III.  Conclusion

{¶ 11} Sabbah's challenges to the prosecutor's alleged misconduct, the sufficiency of the evidence, and the manifest weight of the evidence could have been raised in the direct appeal of his 1994 conviction.  He is barred by the doctrine of res judicata from now raising these purported errors.  We find his two assignments of error not well-taken, and we affirm the March 13, 2018 judgment of the Erie County Court of Common Pleas.  Sabbah is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Christine E. Mayle, P.J.

_____

Gene A. Zmuda, J.
CONCUR.

JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.