[Cite as *State v. Martinez*, 2022-Ohio-404.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio                                                          Court of Appeals No.  L-21-1120

        Appellee                                                 Trial Court No.  CR0201701090

v.

Nicholas Martinez                                            **DECISION AND JUDGMENT**

        Appellant                                                Decided:  February 11, 2022

* * * * *

Nicholas Martinez, Pro se.

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

* * * * *

**OSOWIK, J.**

{¶ 1} Defendant-appellant, Nicholas Martinez, appeals the May 13, 2021 judgment of the Lucas County Court of Common Pleas, denying his motion to vacate conviction and sentence after recasting it as a petition for postconviction relief.  For the following reasons, we affirm the trial court judgment.

## I.    Background

{¶ 2} On January 13, 2017, and February 8, 2017, Nicholas Martinez was indicted in Lucas County case Nos. CR17-1090 and CR17-1268 in connection with a string of robberies that occurred in Toledo.  Each indictment alleged four counts of aggravated robbery, violations of R.C. 2911.01(A)(1) and (C), first-degree felonies, along with firearms specifications as to each count, violations of R.C. 2941.145(A), (B), (C), and (F).  The charges against him were resolved as follows:

| Case | Count | Plea | Finding | Sentence | Consecutive |
|------|-------|------|---------|----------|-------------|
| CR17-1090 | 1 | Guilty pursuant to *North Carolina v. Alford* to offense and firearms specification | Guilty of aggravated robbery and specification | 3 years on offense plus 3 years firearms specification | Yes, as to all other counts in case No. CR17-1090 and to CR17-1268 |
|  | 2 | Guilty pursuant to *North Carolina v. Alford*; firearms specification nolled prosequi | Guilty of aggravated robbery only | 4 years | Yes, as to all other counts in case No. CR17-1090 and to CR17-1268 |
|  | 3 | Guilty pursuant to *North Carolina v. Alford* to offense and firearms specification | Guilty of aggravated robbery and specification | 4 years plus 3 years firearms specification | Yes, as to all other counts in case No. CR17-1090 and to CR17-1268 |
|  | 4 | Guilty pursuant to *North Carolina v. Alford* to offense and firearms specification | Guilty of aggravated robbery and specification | 5 years plus 3 years firearms specification | Yes, as to all other counts in case No. CR17-1090 and to CR17-1268 |
| CR-17-1268 | 1 | Guilty pursuant to *North Carolina v. Alford*; firearms specification nolle prosequi | Guilty of aggravated robbery only | 4 years | Yes, as to all counts in case No. CR17-1090 |

2.

| | 2 | Nolle prosequi | | | |
|---|---|---|---|---|---|
| | 3 | Nolle prosequi | | | |
| | 4 | Nolle prosequi | | | |

**{¶ 3}** Martinez's convictions and sentence were memorialized in a sentencing entry journalized on August 31, 2017. His aggregate sentence totaled 29 years.

**{¶ 4}** Martinez appealed the August 31, 2017 judgment, challenging the trial court's sentence on the basis that it imposed consecutive sentences without making the necessary findings under R.C. 2929.14(C)(4). We found that the trial court made the required findings at Martinez's sentencing hearing, but failed to incorporate those findings in its sentencing entry. *State v. Martinez*, 6th Dist. Lucas No. L-17-1290, 2019-Ohio-305. We remanded the matter so that the court could issue a nunc pro tunc entry incorporating the findings stated on the record. The docket reflects that the trial court recently entered this nunc pro tunc entry on January 14, 2022.

**{¶ 5}** On June 14, 2019, Martinez filed a pro se motion to vacate his convictions and sentences. He claimed that he "only agreed to enter a [sic] *Alford* pleas [sic] of guilty to the lesser offense(s) for the four counts of Agg. Robbery: yet, the trial court convicted and sentenced him as though he had pled guilty to four counts of Agg. Robbery." He based his argument on the language contained in the August 30, 2017 judgment entry in case No. CR17-1090, indicating that he entered a plea of guilty to *lesser offenses*:

> The Court finds on August 9, 2017 the defendant entered a plea of guilty pursuant to North Carolina v. Alford to the *lesser offense* and was

3.

found guilty by the Court of Aggravated Robbery, Count One, a violation of R.C. 2911.01(A)(1) & (C) with the firearm specification in violation of R.C. 2941.145, a felony of the first degree, the defendant entered a plea of guilty pursuant to North Carolina v. Alford to *lesser offense* of Aggravated Robbery and was found guilty by the Court of Aggravated Robbery, Count Two, in violation of R.C. 2911.01(A)(1) & (C), a felony of the first degree, the defendant entered a plea of guilty pursuant to North Carolina v. Alford to *lesser offense* of Aggravated Robbery, Count Three, in violation of R.C. 2911.01(A)(1) & (C) with the firearm specification in violation of R.C. 2941.145, a felony of the first degree, the defendant entered a plea of guilty pursuant to North Carolina v. Alford to *lesser offense* of Aggravated Robbery, Count Four, in violation of R.C. 2911.01(A)(1) & (C) with the firearm specification in violation of R.C. 2941.145, a felony of the first degree. (Emphasis added.)

He contrasted this judgment to the one entered in case No. CR17-1268, which did not contain the lesser-offense language.

{¶ 6} Martinez also pointed to his plea agreement, stating that "By this plea I DO NOT admit committing the offense, but I enter this plea only to avoid the risk of conviction on a more serious offense if I went to trial on the original charge and the possibility of a higher penalty as a result." (Emphasis in original.) He contended that

4.

within the category of theft, there can be no more serious offense than aggravated robbery, thus no higher penalty was possible. He maintained that his plea was invalid.

{¶ 7} According to Martinez, "the exact lesser included offense(s) of the Aggravated Robbery charges were to be determined after the State's and Court's review of Martinez's presentence investigative report (PSI)." He also maintained that a mandatory five-year term of post-release control could not be imposed because he did not plead to first-degree felonies. He claimed that his convictions and sentences in case No. CR17-1090 must be declared a nullity.

{¶ 8} The state moved for summary judgment or dismissal of Martinez's motion. It argued that Martinez's motion is, in substance, a petition for postconviction relief, is untimely under R.C. 2953.21(A)(2), and fails to meet the statutory exceptions for a late petition set forth in R.C. 2953.23(A). It also argued that Martinez's claims are unsupported by the record and are barred by res judicata because they could have been raised in his direct appeal. The state maintained that the trial court properly accepted Martinez's plea under Crim.R. 11, and it insisted that the trial court properly sentenced Martinez based on his convictions.

{¶ 9} In an opinion and judgment journalized on May 13, 2021, the trial court denied Martinez's motion. It began by explaining that while captioned as a motion to vacate, in substance, Martinez's motion was a petition for postconviction relief and must be construed as such. It found that the petition was untimely under R.C.

5.

2953.21(A)(2)(a) because it was not filed within 365 days of the trial transcript being filed with this court in his direct appeal, and Martinez did not show that the exceptions under R.C. 2953.23(A) apply to excuse his untimeliness. The court observed that the plea forms clearly state that he was entering pleas to aggravated robbery, and the court confirmed Martinez's understanding of the pleas he was entering.

{¶ 10} Martinez appealed. He assigns the following errors for our review:

ASSIGNMENT OF ERROR NUMBER ONE:

THE TRIAL COURT ERRED WHEN IT RECAST APPELLANT'S MOTION TO VACATE CONVICTIONS AND SENTENCES INTO A POSTCONVICTION PETITION.

ASSIGNMENT OF ERROR NUMBER TWO:

TRIAL COURT ABUSED ITS DISCRETION WHEN FAILED [sic] TO CORRECT THE CONVICTION AND SENTENCES WHEN INFORMED OF THE DIFFERENCES.

ASSIGNMENT OF ERROR NUMBER THREE:

THE TRIAL COURT ERRED WHEN IT FOUND THAT APPELLANT'S JUDGMENT REGARDING THE AGGRAVATED ROBBERY WERE NOT VOID.

6.

## II. Law and Analysis

{¶ 11} In his first assignment of error, Martinez challenges the trial court's decision to treat his motion to vacate as a petition for postconviction relief. He claims in his second assignment of error that the trial court abused its discretion in refusing to correct his convictions and sentences after Martinez brought to the court's attention that errors were made. And in his third assignment of error, he argues that the trial court erred in finding that his judgment of conviction was not void.

### A. Martinez's motion was properly recast as a petition for postconviction relief.

{¶ 12} In his first assignment of error, Martinez argues that the trial court erred when it recast his motion to vacate sentence as a petition for postconviction relief. Martinez acknowledges that irregular motions are often "recast into whatever category necessary to identify and establish the criteria by which the motion should be judged," and that in some instances, courts have treated motions to correct an illegal or void sentence as petitions for postconviction relief. He claims, however, that language in various court decisions "may suggest that the time frames and requirements for filing a postconviction petition do not apply when the assertion is that the sentence is void." And here, he contends, his motion to vacate is premised on statutory law, not constitutional violations. He also asserts that he has asked only to correct his judgment—which he maintains is governed by App.R. 9(E)—and not to vacate it.

7.

{¶ 13} The state responds that Martinez's motion specifically requested the trial court to *vacate* his *void* convictions and sentences, and in his third assignment of error, he asserts that the trial court should have held that his conviction was void for lack of subject-matter jurisdiction. The state points out that Martinez has cited to App.R. 9(E) for the first time on appeal—he did not raise this argument in the trial court—and it emphasizes that while Martinez now argues that his motion was based on statutory law, he argues in his appeal brief that he did not "knowing[ly], voluntary[ily], and intelligently plead guilty[1] to aggravated robbery"—a challenge to the constitutionality of the plea.[2] The state insists that Martinez's motion is in fact a petition for postconviction relief because it was (1) filed after his direct appeal, (2) claimed that his constitutional rights had been violated, (3) sought to render the judgment void, and (4) asked the trial court to vacate his convictions and sentences.

{¶ 14} As Martinez acknowledges, it is well-established that "'[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged.'" *State v. Parker*, 157 Ohio St.3d 460, 2019-Ohio-3848, 137 N.E.3d 1151, ¶ 16, quoting *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12. To that end, the Ohio Supreme Court has held that "pursuant to R.C. 2953.21(A)(1), 'where a criminal defendant, subsequent to his or her

---

[1] We note that Martinez has not sought to withdraw his plea.

[2] Martinez also specifically claimed that he was denied due process, rendering his conviction void.

direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21.'" *Id.,* quoting *State v. Reynolds*, 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1997).

{¶ 15} Here, Martinez's motion was (1) filed after his direct appeal, (2) claimed that his constitutional rights had been violated, (3) sought to render the judgment void, and (4) asked the trial court to vacate his convictions and sentences. The arguments made in Martinez's motion and in his appeal brief belie any contention that this motion is anything but a petition for postconviction relief. We, therefore, agree with the state and conclude that the trial court properly recast Martinez's motion as a petition for postconviction relief.

{¶ 16} We find Martinez's first assignment of error not well-taken.

### B. Martinez's petition was untimely and his challenge is barred by res judicata.

{¶ 17} In his second assignment of error, Martinez argues that the trial court abused its discretion when it failed to correct his conviction and sentence. The trial court did not reach the merits of Martinez's motion because it concluded that Martinez's motion, in substance, was a petition for postconviction relief that was not timely filed. Therefore, the court held, it was not permitted to consider Martinez's motion.

{¶ 18} Under R.C. 2953.21(A)(1)(a)(i), a petition for postconviction relief must be filed "no later than three hundred sixty-five days after the date on which the trial

9.

transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *," except as provided in R.C. 2953.23.  Here, the transcripts in the direct appeal were filed on March 20, 2018.  Martinez's petition was not filed until June 14, 2019—more than 365 days after the transcripts were filed.  His petition was, therefore, untimely.

{¶ 19} Under 2953.23, a court may not entertain an untimely petition unless R.C. 2953.23(A)(1) (or R.C. 2953.23(A)(2), which is not applicable here) applies.  R.C. 2953.23(A)(1) permits a court to entertain a petition filed after the 365-day deadline set forth in R.C. 2953.21(A)(1)(a)(i) under the following circumstances:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right. [and]

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error

at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

{¶ 20} Martinez has not argued that he was unavoidably prevented from discovery of the facts upon which he must rely to present the claim for relief, or that the United States Supreme Court has recognized a new federal or state right that applies retroactively to persons in his situation, and the petition asserts a claim based on that right. R.C. 2953.21(A) is, therefore, inapplicable. Martinez's petition was untimely, thus the trial court lacked statutory authority to grant his untimely request for postconviction relief. *Parker*, 157 Ohio St.3d 460, 2019-Ohio-3848, 137 N.E.3d 1151, at ¶ 22.

{¶ 21} Even if Martinez's petition was not untimely, we find that his arguments would nevertheless fail because they are barred by the doctrine of res judicata. The doctrine of res judicata precludes any defense or any claimed lack of due process that was raised or could have been raised on an appeal from a judgment. *State v. Stevens*, 6th Dist. Lucas No. L-06-1128, 2006-Ohio-5358, ¶ 9. It applies to "'any proceeding' initiated after a final judgment of conviction and direct appeal," including postconviction motions. *State v. Reznickcheck*, 6th Dist. Lucas Nos. L-04-1029, 2004-Ohio-4801, ¶ 13, quoting *State v. Gaston*, 8th Dist. Cuyahoga App. No. 82628, 2003-Ohio-5825, ¶ 8. Res judicata prevents a criminal defendant from repeatedly attacking a final judgment based on issues that were raised or could have been raised previously. (Citations omitted.) *Id.*

11.

{¶ 22} Here, the challenges Martinez raises could have been raised on direct appeal. His arguments are, therefore, barred by the doctrine of res judicata. Accordingly, we find his second assignment of error not well-taken. Given our resolution of Martinez's first and second assignments of error, we deny his third assignment error as moot.

### III. Conclusion

{¶ 23} The trial court properly recast Martinez's motion to vacate conviction and sentence as a petition for postconviction relief. We, therefore, find his first assignment of error not well-taken. Because Martinez did not file his motion within 365 days of the transcripts being filed in his direct appeal and did not show that the exceptions under R.C. 2953.23(A) apply to excuse his untimeliness, the trial court lacked authority to consider it. Moreover, his arguments are barred by the doctrine of res judicata. We, therefore, find his second assignment of error not well-taken. And given our resolution of his first and second assignments of error, we deny his third assignment of error as moot.

{¶ 24} We affirm the May 13, 2021 judgment of the Lucas County Court of Common Pleas. Martinez is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.

_____

JUDGE

Thomas J. Osowik, J.

_____

Myron C. Duhart, P.J.

JUDGE

CONCUR.

_____

JUDGE


This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.