DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Ottawa County Court of Common Pleas, wherein appellant, Ricky J. Kocian, pled guilty to four charges of nonsupport of a child under the age of 18, violations of R.C. 2919.21(A)(2) and all felonies of the fifth degree. Appellant was sentenced to two years of community control, subject to certain conditions, which included 180 days in the Ottawa County Detention Facility or, if eligible, 180 days in the Ottawa County Misdemeanant Facility. *Page 2 
 {¶ 2} Appellant was appointed counsel for the purposes of this appeal. Appellant's counsel, however, submitted a motion to withdraw pursuant toAnders v. California (1967), 386 U.S. 738. Under Anders, if counsel, after a conscientious examination of the case, determines it to be wholly frivolous, he or she must advise the court of the same and request permission to withdraw. Id. at the syllabus. This request must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his or her client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements are satisfied, the appellate court is required to conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. Id. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating any constitutional requirements or may proceed to a decision on the merits if state law so requires. Id. at 744.
 {¶ 3} In the case before us, appointed counsel for appellant satisfied the requirements set forth in Anders. Although notified, appellant never raised any matters for our consideration. Accordingly, we shall proceed with an examination of the arguable assignments of error set forth by counsel for appellant, and of the entire record below, in order to determine whether this appeal lacks merit and is, therefore, wholly frivolous. *Page 3 
 {¶ 4} Counsel for appellant asserts, in compliance with the mandatesof Anders, two potential assignments of error:
 {¶ 5} "I. THE APPELLANT'S PLEA WAS NOT VOLUNTARILY AND KNOWINGLY GIVEN WHERE HE WAS NOT ADVISED AS TO THE APPELLATE RIGHTS HE WOULD BE WAIVING, [sic] WHEN HE ENTERED INTO THE PLEA.
 {¶ 6} "II. THE TRIAL COURT FAILED TO GIVE PROPER CONSIDERATION TO THE SENTENCING FACTORS SET FORTH IN R.C. 2929.11, ET SEQ. FOR THE SENTENCING OF THE APPELLANT."
 {¶ 7} Appellant's potential Assignment of Error No. I asserts that his guilty plea was not knowing and voluntary because the trial court failed to advise him of the limits on his right to appeal due to the entry of that plea.
 {¶ 8} Upon the entry of a guilty plea, a defendant waives any and all appealable errors that might have occurred during the trial court proceedings, unless he or she demonstrates that the alleged errors precluded him or her from entering a knowing, voluntary plea. State v.Kelley (1991), 57 Ohio St.3d 127; State v. Barnett (1991),73 Ohio App.3d 244, 248. In the present case, appellant has not shown any error in the proceedings that may have precluded him from entering a knowing and voluntary plea. Specifically, the court informed appellant that he did have a right to appeal, but also asked appellant, on two occasions, whether he understood that by entering a guilty plea he was limiting the basis for an appeal. Appellant also signed a guilty plea form that stated, in part: "I understand my right to appeal a maximum sentence, my other limited *Page 4 
appellate rights[,] and that any appeal must be filed within thirty (30) days of my sentence." Accordingly, we conclude that appellant's potential Assignment of Error No. I lacks arguable merit.
 {¶ 9} In his possible Assignment of Error No. II, appellant argues that the trial court failed to give proper consideration to the sentencing factors provided in R.C. 2929.11 and 2929.12.
 {¶ 10} A trial court's judgment on sentencing is reviewed under an abuse of discretion standard. State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, ¶ 100. "An `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157 (citations omitted). Nevertheless, in exercising its discretion, sentencing courts must consider the provisions listed in R.C. 2929.11 and 2929.12 as statutory factors to determine an appropriate felony sentence. State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, ¶ 38. As admitted by appellant, nonetheless, a trial court is not required to state any findings on the record in considering these factors. State v. Arnett (2000), 88 Ohio St.3d 208, 215; State v.Polick (1995), 101 Ohio App.3d 428, 431; State v. Swartz, 6th Dist. No. L-06-1401, 2007-Ohio-5304, ¶ 14. Here, the trial court, in its judgment entry, expressly stated that it "considered * * * the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and has balanced the seriousness and recidivism factors under Ohio Revised Code 2929.12." Consequently, we find that the *Page 5 
trial court did not abuse its discretion in sentencing appellant, and his possible Assignment of Error No. II is found not well-taken.
 {¶ 11} After engaging in further independent review of the record, we conclude that there are no other grounds for a meritorious appeal. This appeal is therefore found to be without merit and is wholly frivolous. Appointed counsel's motion to withdraw is found well-taken and is hereby granted. The judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., William J. Skow, J., Thomas J. Osowik, J., Concur. *Page 1