DECISION AND JUDGMENT
{¶ 1} Appellant, Richard J. Wammes, II, appeals the judgment of the Sandusky County Court of Common Pleas, which denied his motion to withdraw his guilty plea. For the following reasons, we affirm.
 {¶ 2} Appellant was indicted for felonious assault, a violation of R.C. 2903.11(A)(2) and a felony of the second degree; disrupting public service, a violation of *Page 2 
R.C. 2909.04(A)(1) and a felony of the fourth degree; and tampering with evidence, a violation of R.C. 2921.12(A)(1) and a felony of the third degree. Pursuant to a plea agreement, appellant entered a plea of guilty to the count of felonious assault and the state agreed to dismiss the remaining charges at sentencing. The trial court accepted the plea, found appellant guilty, and at a later sentencing hearing imposed a term of four years incarceration and some restitution to the victim.
 {¶ 3} Appellant did not file a direct appeal. Instead, he filed several motions for judicial release. The trial court denied each without a hearing. On August 27, 2007, appellant filed a motion to withdraw his guilty plea, asserting (1) that he was not advised of his right to appeal, (2) that he was not advised that he was "ineligible for judicial release unless so sanctioned and approved by the `victim advocate.'" He further argued that the trial court violated his right to due process by failing to inform him of processes involved in obtaining judicial release.
 {¶ 4} The trial court, without an evidentiary hearing, denied appellant's motion on res judicata grounds. From that judgment, appellant appealed. He now sets forth three assignments of error for review:
 {¶ 5} "The Trial Court erred to the prejudice of Appellant/Defendant by denying him a review of his plea and sentencing outside of the required thirty (30) day time limit for the raising of said plea and sentencing issues. *Page 3 
 {¶ 6} "The Trial Court erred to the prejudice of Appellant/Defendant by denying his request to withdraw his plea based upon his claims of ineffective assistance of counsel.
 {¶ 7} "The Trial Court erred to the prejudice of Appellant/Defendant by denying his continued requests for hearings on his motions for judicial release."
 {¶ 8} In reviewing a trial court's decision of whether to grant or deny a motion to withdraw a guilty plea, an appellate court is limited to a determination of whether the trial court's decision constituted an abuse of discretion. State v. Zinn, 4th Dist. No. 04CA1, 2005-Ohio-525, ¶ 14. An abuse of discretion involves more than a mere error of judgment; it suggests an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. State v. Clark (1994),71 Ohio St.3d 466, 470.
 {¶ 9} The trial court denied appellant's motion to withdraw his guilty plea on the basis that the doctrine of res judicata barred the motion because the issues appellant raised could have been litigated on direct appeal, citing State v. Thomson, 6th Dist. No. L-05-1213,2006-Ohio-1224. It noted the rule that if the motion raises claims that were based on evidence outside the record and those claims were not previously raised, then res judicata does not apply, citing State v.Thompson, supra, ¶ 27. See, also, State v. Torres, 6th Dist. No. L-07-1036, 2008-Ohio-815, ¶ 19-20.
 {¶ 10} In his first assignment of error, appellant argues that the trial court's failure to inform him of his appellate rights rendered his plea invalid. On appellant's motion to withdraw his plea, the trial court held that res judicata barred appellant's claim that he *Page 4 
was not advised of his appellate rights, because the claim would have been plainly evident from the record and should have been raised on direct appeal.
 {¶ 11} The transcript of appellant's plea hearing contains the following exchange prior to the trial court's acceptance of appellant's guilty plea:
 {¶ 12} "The Court: You would have a limited right of appeal from any conviction and sentence. Because you've admitted your guilt your appeal rights would be directed to the amount of the sentence or the nature of the sentence only. Not the issue of guilt or innocence. Do you understand that?
 {¶ 13} "The Defendant: Yes."
 {¶ 14} At appellant's sentencing hearing, after the trial court imposed its sentence, it stated:
 {¶ 15} "Defendant has a limited right of appeal from this conviction and sentence and any notice of appeal must be filed within thirty days. If the Defendant desires to appeal and is unable to retain appellate counsel, upon the Defendant's request for appointment of appellate counsel the same would be granted by the Court."
 {¶ 16} In State v. Kocian, 6th Dist. No. OT-07-018, 2008-Ohio-74, the appellant argued that his guilty plea was unknowing and involuntary because the trial court failed to advise him of limits on his right to appeal. We stated:
 {¶ 17} "Upon the entry of a guilty plea, a defendant waives any and all appealable errors that might have occurred during the trial court proceedings, unless he or she demonstrates that the alleged errors precluded him or her from entering a knowing, *Page 5 
voluntary plea. State v. Kelley (1991), 57 Ohio St.3d 127; State v.Barnett (1991), 73 Ohio App.3d 244, 248. In the present case, appellant has not shown any error in the proceedings that may have precluded him from entering a knowing and voluntary plea. Specifically, the court informed appellant that he did have a right to appeal, but also asked appellant, on two occasions, whether he understood that by entering a guilty plea he was limiting the basis for an appeal." Id. at ¶ 8.
 {¶ 18} Also, as in Kocian, appellant signed a written guilty plea form, which relevantly stated: "I understand that I have a right to appeal if I am given the maximum prison term possible or if the sentence is contrary to law. I understand that I have a right to appeal procedural issues reserved upon a plea of guilty."
 {¶ 19} Additionally, we have held: "Where a defendant has been convicted following a guilty or no contest plea, the court is not constitutionally required to advise the defendant of his appeal rights."State v. Houston, 6th Dist. No. E-03-059, 2004-Ohio-6462, ¶ 8, citingState v. Borchers (1995), 101 Ohio App.3d 157, 164.
 {¶ 20} Crim. R. 32(B) contains the requirement that a defendant be notified of appellate rights in "serious cases," including felonies. Crim. R. 32(B)(2) requires a trial court to, after imposing sentence, advise a defendant of his or her right, "where applicable, to appeal or to seek leave to appeal the sentence imposed." Crim. R. 32(B)(3) provides: *Page 6 
 {¶ 21} "If a right to appeal or a right to seek leave to appeal applies under division (B)(1) or (B)(2) of this rule, the court shall also advise the defendant of all of the following:
 {¶ 22} "(a) That if the defendant is unable to pay the cost of an appeal, the defendant has the right to appeal without payment;
 {¶ 23} "(b) That if the defendant is unable to obtain counsel for an appeal, counsel will be appointed without cost;
 {¶ 24} "(c) That if the defendant is unable to pay the costs of documents necessary for an appeal, the documents will be provided without cost;
 {¶ 25} "(d) That the defendant has a right to have a notice of appeal timely filed on his or her behalf."
 {¶ 26} Examining an identical question, we held in State v.Bryant, 6th Dist. No. L-03-1359, 2005-Ohio-3352, ¶ 21:
 {¶ 27} "In a circumstances [sic] where an appeal is precluded by law, such as a guilty plea and an agreed upon sentence, the sentencing court is not required to advise a defendant of the matters set forth in Crim. R. 32(B)(3). State v. Middleton, 12th Dist. No. CA2004-01-003,2005-Ohio-681, at ¶ 25, fn. 1, citing State v. White (Oct. 6, 2003), 9th Dist. No. 21741. Therefore, the trial court's failure to advise appellant of said information is not reversible error."
 {¶ 28} Although the trial court did not adhere to the letter of Crim. R. 32(B), appellant was advised of his appellate rights after sentencing. Appellant does not contend *Page 7 
that the failure to be so advised caused his guilty plea to be involuntary and unknowing. This does not, therefore, constitute reversible error. State v. Bryant, supra. Because appellant is unable to demonstrate that the trial court's failure to fully comply with Crim. R. 32(B)(3) rendered his guilty plea unknowing and involuntary, appellant's first assignment of error is not well-taken.
 {¶ 29} Next, appellant argues that the trial court erred in denying his motion to withdraw his plea because his trial counsel rendered ineffective assistance. Appellant claims that his attorney failed to properly investigate his case by failing to review tape recordings which, he alleges, demonstrates that the victim was not "afraid for her life." The trial court held that, even if true, the tape recordings would not be exculpatory as to the offense to which appellant pled. Additionally, the court held that even if appellant's counsel failed to listen to tape recordings and interview witnesses, those facts would have been known to appellant prior to entering his guilty plea. Further, appellant stated on the record at his plea hearing that he was satisfied with his trial counsel's representation.
 {¶ 30} Claims of ineffective assistance of counsel are barred by res judicata on a motion to withdraw a guilty plea because they could have been raised on direct appeal. State v. Reznickcheck, 6th Dist. Nos. L-04-1029, L-04-1030, 2004-Ohio-4801, ¶ 13-14. In Reznickcheck, the defendant alleged that his counsel was ineffective for failing to obtain tapes of 911 calls. See, also, State v. Rodriguez, 8th Dist. No. 84161,2004-Ohio-6010. *Page 8 
 {¶ 31} On a post-sentence motion to withdraw a guilty plea, a defendant has the burden to demonstrate that correction of a manifest injustice is required. State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. Such motions are addressed to the sound discretion of the trial court. Id., paragraph two of the syllabus. The trial court's conclusions are relevant to the ultimate issue of whether a manifest injustice occurred; those conclusions demonstrate a full consideration of appellant's allegations. The trial court did not, therefore, abuse its discretion in finding that no manifest injustice occurred. Appellant's second assignment of error is not well-taken.
 {¶ 32} Last, appellant argues that the trial court erred by denying his motions for judicial release. These orders, however, are not part of the judgment from which appellant appealed and we may not, therefore, address it. App. R. 12(A)(1)(a). Consequently, appellant's third assignment of error is not well-taken.
 {¶ 33} For the foregoing reasons, the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
 JUDGMENT AFFIRMED. *Page 9 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., William J. Skow, J., CONCUR. *Page 1