[Cite as *State v. Blevins*, 2016-Ohio-8382.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                    Court of Appeals No. OT-16-013

    Appellee                                Trial Court No. 16 CR 015

v.

Arron Blevins                                   **DECISION AND JUDGMENT**

    Appellant                               Decided:  December 23, 2016

* * * * *

Mark E. Mulligan, Ottawa County Prosecuting Attorney, and
Joseph H. Gerber, Assistant Prosecuting Attorney, for appellee.

Amanda A. Krzystan, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Arron Blevins, appeals the April 8, 2016 judgment of the Ottawa

County Court of Common Pleas convicting him of rape in violation of R.C.

2907.02(A)(2), a felony of the first degree.  Finding no error on record, we affirm.

## Assignments of Error

{¶ 2} Appellant sets forth the following assignments of error:

1. THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S WAIVER OF THE RIGHT TO A JURY TRIAL AS VOLUNTARY, KNOWING AND INTELLIGENT DURING APPELLANT'S PLEA CHANGE.

2. THE APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL DURING HIS PLEA NEGOTIATIONS, PLEA CHANGE AND SENTENCING.

## Background Facts

{¶ 3} Appellant was watching his ex-fiancé's children and, while bathing them, digitally penetrated an 11 month old. Appellant confessed to these facts, and also stated he was using cannabis, heroin and crack cocaine during the incident.

{¶ 4} Appellant was indicted on two counts in case No. 15 CR 079. Count 1 was for rape in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree that carries a term of life imprisonment. Count 2 was for tampering with evidence in violation of R.C. 2921.12(A)(1), a felony of the third degree. Appellant initially pled not guilty.

{¶ 5} On February 12, 2016, appellant changed his plea and, by way of information in case No. 16 CR 015, pled guilty to rape in violation of R.C. 2907.02(A)(2), a felony of the first degree.

2.

{¶ 6} At the February 12, 2016 change-plea hearing, appellant was informed of the effect of, and the rights waived by, his guilty plea. Appellant confessed to the rape and confirmed he understood his plea, including waived rights and possible sanctions. He also confirmed he was clear minded and offered his plea free of coercion.

{¶ 7} On April 8, 2016, the court proceeded to sentence appellant to 11 years incarceration and 5 years mandatory postrelease control, along with a requirement that appellant register as a Tier III sex offender. The sentence was journalized and appellant now appeals.

## Assignment of Error No. 1

{¶ 8} In the first assignment of error, appellant makes three arguments that attack his guilty plea. We will address each of appellant's arguments, as numbered below.

## Appellant's Charge

{¶ 9} R.C. 2907.02(A)(2) pertinently provides no person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force.

## 1.

{¶ 10} Appellant first argues his plea was invalid because the trial court failed to advise him about the effect of waiving a jury trial on his chances of reversing his sentence. Appellee contends appellant cites no legal support and appellant is nevertheless incorrect where the trial court fully complied with Crim.R. 11.

{¶ 11} Crim.R. 11 states in pertinent part:

**(A) Pleas.** A defendant may plead not guilty, not guilty by reason of insanity, guilty or, with the consent of the court, no contest.* * *

**(B) Effect of guilty or no contest pleas.** With reference to the offense or offenses to which the plea is entered: (1) The plea of guilty is a complete admission of the defendant's guilt. * * *

(3) When a plea of guilty or no contest is accepted pursuant to this rule, the court, * * * shall proceed with sentencing under Crim.R. 32.

**(C) Pleas of guilty and no contest in felony cases.** * * * (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 12} Here, we find the trial court fully complied with Crim.R. 11 and, particularly, with Crim.R. 11(C)(2)(c). *See State v. Ballard*, 66 Ohio St.2d 473, 480, 423 N.E.2d 115 (1981) (holding the record must only show right to jury trial explained in intelligible manner during plea colloquy). Appellant's signed plea agreement stated:

I enter a plea of GUILTY to the offense of: Count #ONE: Rape, a felony of the first degree (F1), Ohio Revised Code Section 2907.02(A)(2). I understand the MAXIMUM sentence COULD be: a maximum basic prison term of eleven (11) years of which none is mandatory, during which I am eligible for judicial release.

* * * I understand the nature of these charges and the possible defenses I might have. I am satisfied with my attorney's advice, counsel and competence. I am not now under the influence of drugs or alcohol. No threats have been made to me. No promises have been made except as part of this plea agreement: The State will dismiss Case No. 15-CR-079 at sentencing.

5.

&ast; &ast; &ast; I understand by pleading guilty, I give up my right to a jury trial or court trial, where I could see and have my attorney question witnesses against me, and where I could use the power of the Court to call witnesses to testify for me. I know at trial I would not have to take the witness stand and could not be forced to testify against myself and that no one could comment if I chose not to testify. I understand I waive my right to have the prosecutor prove my guilt beyond a reasonable doubt.

By pleading guilty, I admit committing the offense and will tell the Court the facts and circumstances of my guilt.

{¶ 13} The record further reveals the court complied with Crim.R. 11 colloquy, which insured appellant was aware of his constitutional rights and the consequences of his plea.

{¶ 14} Specifically, at the plea hearing, appellant was questioned regarding his understanding of the nature of the charge, was informed with regard to the maximum penalty, and was informed of not being amenable to community control sanction.

{¶ 15} Further, the court informed appellant and confirmed his understanding of the effects of his guilty plea with regard to waiver of his right to jury trial, to confront witnesses, to have compulsory process, to no self-incrimination, and to require proof of the crime beyond a reasonable doubt. Appellant actually stated the terms and effects of his plea agreement in open court in response to the court inquiring into his understanding.

6.

{¶ 16} Thus, the record amply supports the necessary colloquy was given, the trial court lawfully accepted the plea, and the trial court correctly proceeded to sentencing. Appellant's first argument has no merit.

**2.**

{¶ 17} Appellant next argues he could not have pled knowingly where he was unaware of the lack of factual basis for the rape. Appellee assets appellant knew of the evidence against him and waived any factual challenges by pleading guilty.

{¶ 18} "A plea of guilty, from an early period in the history of criminal procedure, * * * has been regarded as an admission of every material fact well pleaded in the indictment, *dispensing with the necessity of proving them, and authorizing the court to proceed to judgment*." (Emphasis added.) *Craig v. State*, 49 Ohio St. 415, 418, 30 N.E. 1120 (1892). *See State v. Post*, 32 Ohio St.3d 380, 387, 513 N.E.2d 754 (1987) ("Crim.R. 11 does not require the trial court to establish a factual basis for the plea before its acceptance.").

{¶ 19} Here, appellant lawfully entered into a plea agreement, which, in effect, eliminated his opportunity to challenge the lack of factual basis. Moreover, based on the facts as confessed to in open court, we find there was a factual basis for the rape on record. At the plea hearing, appellant stated: "I was watching my ex-fiancé's kids and I was proceeding to give them a bubble bath, and I stuck my middle finger in [the victim's] vaginal area for a short period of time."

7.

{¶ 20} Considering the plea and confession, we find it proper to regard appellant's plea as a complete admission of guilt. Appellant's second argument has no merit.

**3.**

{¶ 21} Appellant lastly argues he could not have intelligently pled because he was not feeling well when he made the plea. Appellee asserts appellant was not coerced, was thinking clearly, and was feeling fine when making the accepted plea.

{¶ 22} "A defendant is presumed to be competent to stand trial, unless the court finds by a preponderance of the evidence that because of the defendant's present mental condition, he is incapable of understanding the nature and objective of the proceedings against him or cannot assist in his defense." *See*, *e.g.*, *State v. Jones*, 1st Dist. Hamilton No. C-050112, 2006-Ohio-2339, ¶ 12 (denying plea was unknowingly made because appellant was competent to stand trial).

{¶ 23} Here, appellant entered into an unambiguous and clearly written plea agreement, was given Crim.R. 11 colloquy before he pled and at the time he pled guilty and, therefore, nothing leads us to conclude he was incompetent. Further, at the plea hearing, the court specifically asked if appellant was free from coercion or duress, was thinking clearly, and was feeling well, all to which he responded in the affirmative. And lastly, there is no evidence the trial court considered appellant incompetent during the hearing.

{¶ 24} Accordingly, appellant's arguments have no merit and his first assignment of error is not well-taken.

8.

**Assignment of Error No. 2**

{¶ 25} In the second assignment of error, appellant argues he was deprived effective assistance because his counsel misguided him into entering a guilty plea when the factual basis for his guilt did not support the charge. Appellee contends appellant's counsel advised competently and there was no violation of duties or resulting prejudice.

{¶ 26} In evaluating ineffective assistance of counsel claims, the test is "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done." *State v. Hester*, 45 Ohio St.2d 71, 341 N.E.2d 304 (1976), paragraph four of the syllabus; *see also Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A court must determine whether there has been a substantial violation of any of defense counsel's essential duties to her client and whether the defense was prejudiced by counsel's ineffectiveness. *State v. Calhoun*, 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999). To show prejudice, the defendant must prove "that there exists a reasonable probability that, were it not for counsel's errors, the result * * * would have been different." *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph three of the syllabus.

{¶ 27} "Upon the entry of a guilty plea, a defendant waives any and all appealable errors that might have occurred during the trial court proceedings, unless he or she demonstrates that the alleged errors precluded him or her from entering a knowing, voluntary plea." *State v. Kocian*, 6th Dist. Ottawa No. OT-07-018, 2008-Ohio-74, ¶ 8.

9.

**{¶ 28}** Here, appellant asserts that the only evidence supporting the conviction was his open court confession and, therefore, his counsel's advice to enter the plea was a substantial violation of essential duties.

**{¶ 29}** Appellant points to how the record reveals that at the sentencing hearing the state spoke of weaknesses with regard to his case. Specifically, the state said there was no DNA found inside the victim, appellant's out of court confession was not recorded, appellant made contradictory statements while investigated, appellant was never *Mirandized* before confessing, and that there was no witness to corroborate the crime. However, based on the record, we find that appellant's plea was strategic and tactical. *See State v. Tipton*, 11th Dist. Portage No. 2012-P-0072, 2013-Ohio-3207, ¶ 30 ("It is well settled that strategic and tactical decisions do not constitute a deprivation of the effective assistance of counsel.").

**{¶ 30}** In terms of evidence against appellant, the record supports that the 11-month-old victim was abused in secret, the victim's injuries were documented, appellant was accused of the heinous acts, and appellant's contradictory story was that a young child was the culprit. We find this evidence supports appellant's guilt. Thus, coupled with the fact that appellant was risking life imprisonment if he proceeded to trial, we find counsel advised competently. Consequently, we cannot say counsel's judgment precluded appellant from entering a knowing, voluntary plea.

**{¶ 31}** Accordingly, the second assignment of error is not well-taken.

10.

**Conclusion**

{¶ 32} The judgment of the Ottawa County Court of Common Pleas is affirmed.

Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                          _____
                                                     JUDGE

Stephen A. Yarbrough, J.

                                                _____

James D. Jensen, P.J.                        JUDGE
CONCUR.

                                                _____
                                                     JUDGE

11.